Melody D. LINENBURG, Appellant–Petitioner,

v.

Mark A. LINENBURG, Appellee–Respondent.

No. 82A01–1011–DR–625.

Court of Appeals of Indiana.

May 13, 2011.

Robert R. Faulkner, Evansville, IN, Attorney for Appellee.

Toby D. Shaw, II, Shaw Law Firm, PC, Evansville, IN, Attorney for Appellant.

## OPINION

CRONE, Judge.

### Case Summary

In this interlocutory appeal, Melody D. Linenburg ("Mother") challenges the trial court's provisional order awarding Mark A. Linenburg ("Father") primary physical custody of the couple's children and possession of the marital residence during the pendency of the parties' marriage dissolution proceeding. Mother also claims that the trial court did not give her an opportunity to present rebuttal evidence at the provisional hearing and thereby violated her due process rights. Finding no error, we affirm.

### Facts and Procedural History[1]

The facts most favorable to the trial court's ruling indicate that the parties were married in February 1993 and have two children: a daughter born in October 1993 ("Daughter") and a son born in March 1998 ("Son"). On September 23, 2010, Mother returned from a trip to Florida, during which she had an extramarital affair. Father confronted her, and an argument ensued that culminated in his arrest.[2] The next day, Mother petitioned to dissolve the marriage.

 On October 19, 2010, the trial court held a provisional hearing, during which Mother testified on her behalf, Daughter testified on Father's behalf, and Father

---

1. In her reply brief, Mother asserts that Father's statement of facts is inappropriately argumentative. We agree. *See Ruse v. Bleeke*, 914 N.E.2d 1, 5 n. 1 (Ind.Ct.App.2009) ("[A] Statement of Facts should be a concise narrative of the facts stated in the light most favorable to the judgment and should not be argumentative."). We take particular issue with the following caustic statement: "No parent that was thinking clearly would ever advocate the position that she should live in her home full time while neither of her minor children had a residence or permanent place to lay their heads." Appellee's Br. at 2. This unwarranted personal attack has no place in an appellate brief.

Mother also asserts that Father's statement of facts misrepresents the record on several points. We agree with her in one respect: contrary to Father's assertion, Mother did *not* feel that it was in the children's best interest for Daughter not to live in the marital residence and for Son to live there only half the time. Appellee's Br. at 1–2 (citing Tr. at 53). Mother's testimony to this effect was merely an acknowledgement of Son's and Daughter's own preferences, not her opinion as to their best interest.

We decline Mother's invitation to strike Father's brief for these transgressions because we do not wish to unduly punish Father for the actions of his counsel. That said, we admonish Father's counsel to refrain from such unprofessional advocacy in future proceedings.

2. Mother testified that Father "became very physical" with her and would not let her leave the premises. Tr. at 6.

did not testify at all.[3] On October 26, 2010, the court issued a provisional order that reads in pertinent part as follows:

1. The Court finds that it is in the best interest of the parties' minor children ... that they remain in the marital residence pending disposition of this cause. Because of the current alienation of [Daughter] from the Mother, it is not in her best interest to be placed with the Mother. Therefore, Father is awarded primary physical custody of the children and possession of the marital residence pending final disposition. Motion [sic] shall have until November 15, 2010 to vacate the marital residence.

2. Father shall be responsible for all expenses relating to the marital residence listed on Mother's Exhibit Number 1 including maintaining the minimum balances on the charge cards.

3. The Court will not order any child support during the provisional period as the Mother will need some additional funds to relocate her residence.

4. [Daughter] shall continue her counseling and each parent or family member shall participate as required by the counselor with a view toward restoring Mother's relationship with [Daughter].

Appellant's App. at 4–5.[4] This interlocutory appeal ensued[5].

## Discussion and Decision

### I. Custody and Marital Residence

■ Mother contends that the trial court erred in awarding Father custody of

---

3. While cross-examining Mother, Father's counsel revealed the name of the man with whom Mother had an affair. On appeal, Mother asserts that this revelation violated Indiana Code Section 34–12–2–6, which provides that "[a]n attorney who appears in a [dissolution proceeding] who is asserting misconduct by the adverse party shall not ask of any witness any question intended or calculated to disclose the name or identity of any third person charged as correspondent or participant in the misconduct" and that "[a] party or witness testifying on behalf of a party asserting misconduct by the adverse party shall not name or identify any third person charged as a correspondent or participant in any such misconduct." Ind.Code § 34–12–2–6(a)–(b). The purpose of the statute is to "regulate pleading, practice, and testimony" in certain domestic cases "so as to eliminate extortion and public scandal." Ind.Code § 34–12–2–6(f). Mother failed to raise an objection at the hearing, however, and therefore has waived the issue for appeal. *G.Q. v. Branam*, 917 N.E.2d 703, 707 (Ind.Ct.App.2009). Nonetheless, Mother's criticism of opposing counsel's conduct is well taken, and we admonish counsel that a willful violation of the statute "constitutes a direct contempt of the court ... and may be punished by the court with a fine of not more than five hundred dollars ($500) as the court considers proper." Ind.Code § 34–12–2–6(h).

4. Mother's counsel has included the entire 107–page transcript of the provisional hearing in the appellant's appendix in violation of Indiana Appellate Rule 50(A)(2)(h), which provides that the appendix shall contain "any record material relied on in the brief unless the material is already included in the Transcript." As we explained in *Williams v. State*, 895 N.E.2d 377, 379 n. 2 (Ind.Ct.App.2008), "This rule is meant to avoid unnecessary bloating of the appellate record and to streamline our review. In other words, we do not need two full copies of the transcript." Regarding the transcript, we note with some concern that many of Mother's responses are recorded as either partially or completely inaudible. We strongly encourage the parties and the trial court to ensure that similar technical difficulties do not arise during the final hearing, as a single untimely inaudible response could hinder appellate review.

5. Indiana Appellate Rule 14(A)(4) provides that an appeal may be taken as a matter of right from an interlocutory order "[f]or the sale or delivery of the possession of property."

Son and possession of the marital residence. Mother appeals from a provisional order, which "is designed to maintain the status quo of the parties." *Mosley v. Mosley*, 906 N.E.2d 928, 929 (Ind.Ct.App.2009) (citation and quotation marks omitted). "A provisional order is temporary in nature and terminates when the final dissolution decree is entered or the petition for dissolution is dismissed." *Id.* at 930 (citing Ind.Code § 31–15–4–14). "The determination of temporary orders in a dissolution proceeding is committed to the sound discretion of the trial court, and it can issue orders for temporary maintenance or support, temporary restraining orders, custody orders, and orders for possession of property to the extent it deems just and proper." *Id.* (citing Ind.Code § 31–15–4–8).

Regarding custody disputes, we have observed that

the trial court is often called upon to make Solomon-like decisions in complex and sensitive matters. The trial court is in a position to see the parties, observe their conduct and demeanor, and hear their testimony; therefore, its decision receives considerable deference in an appellate court. On review, we cannot reweigh the evidence, judge the credibility of the witnesses, or substitute our judgment for that of the trial court. We will not reverse the trial court's custody determination unless it is clearly against

the logic and effect of the facts and circumstances before the court or the reasonable inferences drawn therefrom. *Trost–Steffen v. Steffen*, 772 N.E.2d 500, 509 (Ind.Ct.App.2002) (citations and quotation marks omitted), *trans. denied.*

Mother first "point[s] out that [Father] didn't even bother to testify at the provisional hearing and subject himself to cross-examination." Appellant's Br. at 5. Father correctly notes that Mother "could have called [him] to the stand at any time." Appellee's Br. at 6. She did not do so, however, and the trial court was free to draw any reasonable inference it chose regarding Father's absence from the witness stand.[6]

Additionally, Mother points to her testimony that Father was verbally abusive and controlling,[7] that he pushed and shoved her and "frequently broke things," that he works long hours, and that she has been the children's primary caretaker. Appellant's Br. at 6–7. The trial court was free to credit this testimony as it saw fit and weigh it against Mother's acknowledgement of her infidelity and Daughter's testimony that Mother has a drinking problem that negatively affects and endangers her children. *See Kalwitz v. Estate of Kalwitz*, 822 N.E.2d 274, 284 (Ind.Ct.App.2005) (recognizing that the trial court is "the sole judge of the weight of the evidence and the credibility of the wit-

6. Mother argues that "[t]he unexplained failure of a party who is competent to testify as a witness to testify concerning facts peculiarly within his or her knowledge may give rise to an inference that, had he or she testified, his or her testimony would have been unfavorable to his or her cause." Appellant's Br. at 5 (citing *Rentschler v. Hall*, 117 Ind.App. 255, 69 N.E.2d 619 (1946), and *Bowes v. Lambert*, 114 Ind.App. 364, 51 N.E.2d 83 (1943)). This argument cuts both ways, in that an equally reasonable inference could be drawn that Mother did not call Father as a witness be-

cause his testimony would have been unfavorable to *her* cause.

7. Mother complains that "[s]uch abusive conduct against the Mother even continued in open Court. The Father has accused the Mother of infidelity and in cross examination the Father's counsel twice asked the Mother questions intended and calculated to disclose the name and identity" of her paramour in violation of Indiana Code Section 34–12–2–6. Appellant's Br. at 6. We decline to impute counsel's inappropriate behavior to his client.

nesses"), *trans. denied.* Mother's custody argument is essentially an invitation to reweigh evidence and judge witness credibility in her favor, which we may not do.

Regarding the marital residence, Mother's entire argument is as follows: "the Trial Court abused its discretion by forcing [her] out of the marital residence in light of the unrefuted evidence that [she] makes less than one-third (1/3) of what [Father] does, had no readily available alternative lodgings and had consistently been the primary caregiver for [Son]." Appellant's Br. at 8. Mother's argument disregards the evidence in favor of the trial court's custody determination and the obvious benefits of allowing the children to reside in the marital residence. It also disregards Daughter's testimony that she wanted to "live at [her] house with [her] brother and [her] father" and that Mother "should be able to buy [sic] an apartment or a hotel until she finds an apartment but she has two friends that would be more than willing to probably take her in." Tr. at 79, 101. In sum, Mother has failed to establish an abuse of discretion.

## II. Rebuttal Evidence

■ Mother also claims that the trial court violated her due process rights by "failing to provide an opportunity to present rebuttal evidence." Appellant's Br. at 8. Mother's claim is meritless. At the conclusion of Daughter's testimony, the court said, "Okay. Do you have other evidence?" Id. at 105. Father's counsel replied, "I don't have anything else Your Honor." *Id.* Mother's counsel said nothing. The court then asked Mother several questions regarding Daughter's counseling and said, "Okay. I'll take this under advisement and have an order for you by the end of the week." Again, Mother's counsel said nothing. It is well settled that "[a] party may not sit idly by, permit the court to act in a claimed erroneous manner, and

subsequently attempt to take advantage of the alleged error." *Lumbermens Mut. Cas. Co. v. Combs,* 873 N.E.2d 692, 721 n. 28 (Ind.Ct.App.2007) (citation and quotation marks omitted), *trans. denied* (2008). Consequently, we affirm the trial court's provisional order.

Affirmed.

NAJAM, J., and ROBB, C.J., concur.