# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**ADAM G. FORREST**
Boston Bever Klinge Cross &
Chidester
Richmond, Indiana

ATTORNEY FOR APPELLEE:

**THOMAS E. Q. WILLIAMS**
Greenfield, Indiana



FILED
Jul 05 2012, 9:16 am

CLERK
of the supreme court,
court of appeals and
tax court

## IN THE
## COURT OF APPEALS OF INDIANA

| | |
|---|---|
| ANDREW JOSEPH WORTKOETTER, | ) |
| | ) |
| Appellant-Respondent, | ) |
| | ) |
| vs. | ) No. 30A01-1111-DR-548 |
| | ) |
| AMY JEAN WORTKOETTER, | ) |
| | ) |
| Appellee-Petitioner. | ) |

APPEAL FROM THE HANCOCK CIRCUIT COURT
The Honorable Richard D. Culver, Judge
Cause No. 30C01-1104-DR-557

**July 5, 2012**

**OPINION - FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Andrew J. Wortkoetter ("Husband") appeals from the denial of his motion to correct error, which disputed the trial court's property division following the dissolution of his marriage to Amy J. Wortkoetter ("Wife").

We affirm with instruction.

**Issues**

Husband raises two issues, which we restate as:

1.    Whether the trial court abused its discretion when it declined to award him his Individual Retirement Account ("IRA") exclusively and thereby deviate from the statutory presumption for an equal division of marital property; and

2.    Whether the trial court's order of payment from Husband to Wife is clearly erroneous.

**Facts and Procedural History**

The parties were married on July 11, 1991, and had two children. In 1990, before the marriage, Husband rolled over approximately $2,000 from the State's Public Employees' Retirement Fund into an Individual Retirement Account ("IRA"). On March 31, 2011, the account was worth $28,007.

On April 5, 2011, Wife filed a Petition for Dissolution of Marriage. Based upon the parties' agreements, the trial court entered a provisional order on May 5, 2011. In an order dated August 29, 2011, the court dissolved the marriage and established child custody and child support. A final hearing on property distribution was held on September 2, 2011, at which time Husband and Wife each testified and proffered one exhibit in support of their

2

respective settlement positions. Regarding his IRA, Husband asked the court to "set that off aside as a non-marital asset." (Tr. at 33.)

On September 8, 2011, the trial court entered its Order on Property Settlement, specifically finding that the IRA was part of the marital estate and dividing the marital property equally. The court prepared an asset and debt ledger to effect a proper equalization of marital assets and decreed: "Wife shall have a judgment for the equalization sum of $12,664." (App. at 14.) The court also ordered Husband to pay the balance of Wife's attorney fees in the amount of $1,400.

Proceeding pro se, Husband filed what was deemed a motion to correct error. Wife, also pro se, responded. A hearing was held on October 21, 2011, after which the trial court denied Husband's motion. Husband now appeals.

**Discussion and Decision**

Standard of Review

Husband first challenges the equal division of marital property. Technically, however, he appeals from the denial of his motion to correct error. This Court reviews a trial court's ruling on a motion to correct error under an abuse of discretion standard. Zaremba v. Nevarez, 898 N.E.2d 459, 463 (Ind. Ct. App. 2008). An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances before the court, including any reasonable inferences therefrom. Id.

The motion to correct error addressed the court's division of marital property, a matter committed to the sound discretion of the trial court. Wanner v. Hutchcroft, 888 N.E.2d 260,

3

263 (Ind. Ct. App. 2008). A party challenging the trial court's division of marital property must overcome a strong presumption that the court considered and complied with the applicable statute. Id. Even if the facts and reasonable inferences permit a conclusion different from that reached by the trial court, we will not substitute our judgment for that of the trial court unless its decision is clearly against the logic and effect of the facts and circumstances before it. Perkins v. Harding, 836 N.E.2d 295, 299 (Ind. Ct. App. 2005). We consider only the evidence favorable to the judgment and we do not reweigh the evidence or reassess witness credibility. Id. In addition, we will not set aside the findings or judgment unless clearly erroneous. Elkins v. Elkins, 763 N.E.2d 482, 484 (Ind. Ct. App. 2002).

## Issue One: Property Division

On appeal, Husband concedes that all property, including his IRA, is part of the marital estate, but he disputes the court's decision to equally divide that estate. Indiana Code § 31-15-7-5, which governs the division of martial property, provides in relevant part:

> The court shall presume that an equal division of the marital property between the parties is just and reasonable. However, this presumption may be rebutted by a party who presents relevant evidence, including evidence concerning the following factors, that an equal division would not be just and reasonable:
>
> (1) The contribution of each spouse to the acquisition of the property, regardless of whether the contribution was income producing.
>
> (2) The extent to which the property was acquired by each spouse:
>          (A) before the marriage; or
>          (B) through inheritance or gift.
>
> * * * * *
>
> (4) The conduct of the parties during the marriage as related to the disposition or dissipation of their property. . . .

4

Here, Husband insists that he rebutted the statutory presumption for equal division of marital property. He points out that the IRA was owned by him individually before the marriage, was acquired without any assistance from Wife, was never commingled with other marital property, and was never treated as marital property by the parties. Even the ten dollar annual maintenance fee was deducted from the account itself rather than being paid with marital funds. Thus, he argues, his IRA should have been allocated exclusively to him, with the remaining property equally divided between the parties.

Husband cites to Maxwell v. Maxwell, 850 N.E.2d 969 (Ind. Ct. App. 2006), trans. denied, where the dissolution court effected an unequal division of marital assets by awarding the husband stock and an IRA inherited by him after he had moved out of the marital residence. Thus, the husband was in possession of the inheritance for only a few months of the parties' marriage that lasted over thirty years. We held that the court did not abuse its discretion when it "set aside" the stock and IRA exclusively to the husband. Id. at 974. Husband also relies upon Castaneda v. Castaneda, 615 N.E.2d 467 (Ind. Ct. App. 1993), where this Court concluded that the dissolution court did not abuse its discretion when it allocated to the wife all of an inheritance that she acquired during the course of her marriage. In Castaneda, the wife kept the funds in her name alone, husband did nothing to accumulate the funds, and the account was not treated as marital property or commingled with other assets. Id. at 470.

In both Maxwell and Castaneda, however, the trial courts exercised broad discretion when distributing marital property and, applying our standard of review, we affirmed those

decisions. As with the parties challenging the trial courts' decisions in those cases, Husband in this case must overcome a strong presumption that the trial court complied with the statute, considered Husband's evidence, and still concluded that an equal division of property was just. See Gaskell v. Gaskell, 900 N.E.2d 13, 19 (Ind. Ct. App. 2009). This is one of the strongest presumptions applicable to our consideration on appeal. Id.

Here, although the IRA was established by Husband before the marriage, most of the appreciation occurred during the marriage. Cf. Wanner, 888 N.E.2d at 263 (observing that, even where the trial court properly sets aside the value of premarital assets to one spouse, the appreciation over the course of the marriage is a divisible marital asset). Additionally, the trial court was not required to set aside to Husband the value of the IRA, even though Wife made no contribution to its acquisition. See In re Marriage of Nickels, 834 N.E.2d 1091, 1098 (Ind. Ct. App. 2005). Rather, the trial court was required to follow the statutory presumption absent evidence that an equal division would not be just and reasonable. Doyle v. Doyle, 756 N.E.2d 576, 578 (Ind. Ct. App. 2001). We conclude that the court acted within its discretion when, in accordance with the statutory presumption, it declined to award Husband his IRA exclusively and, instead, equally divided all property of the parties.

## Issue Two: Judgment

Husband also asserts that the trial court's computation of Wife's equalization payment is clearly erroneous. His assertion is based upon the following excerpt from the order on property settlement:

Husband's Net Without Equalization    $20,771
Wife's Net Without Equalization        $4557

6

> Disparity is total of nets ($25328) divided by 2 which is $12,664. The difference between the equalization netting and Wife's Net amounts to $8107. Thus equalization judgment shall enter for wife in the amount of $12,664[.] IT IS THEREFORE ORDERED ADJUDGED AND DECREED that Wife shall have a judgment for the equalization sum of $12,664[.]

(App. at 13-14.)

Here, each party was to receive $12,664 in assets. Husband had in his possession net assets valued at $20,771; Wife possessed net assets of $4,557, for a total of $25,328. Thus, Husband owed Wife $12,664 less $4,557, or $8,107. Although Wife contends that there is no error in the judgment, she agrees that she is owed $8,107 from Husband.[1]

Indiana Trial Rule 58(B)(4) requires the judgment to contain "[a] statement in imperative form which clearly and concisely sets forth the relief granted, any alteration of status, any right declared, or any act to be done or not done." Generally, the rights of the parties are adjudged by the decretal portion of the judgment. Farley v. Farley, 157 Ind. App. 385, 392, 300 N.E.2d 375, 380 (1973). Thus, critical to a money judgment is that it be a certain and definite statement of the amount due. Henderson v. Sneath Oil Co., 638 N.E.2d 798, 803 (Ind. Ct. App. 1994).

While properly setting forth the "difference" as $8,147, the order at issue does not state in imperative form that Husband must pay that amount to Wife. Rather, the order awards Wife a sum of $12,664. As Wife agrees with the amount owed, in the interest of judicial economy and in accordance with Indiana Appellate Rule 66(C)(7), we order

---

[1] To support her position, Wife cites to two unpublished decisions from this Court. We remind counsel for Wife that, pursuant to Indiana Appellate Rule 65(D), "a not-for-publication memorandum decision shall not be regarded as precedent and shall not be cited to any court except by the parties to the case to establish *res judicata*, collateral estoppel, or law of the case."

correction of the judgment to show an award of $8,107 in favor of Wife and instruct the trial court to amend its records accordingly.

## Conclusion

The dissolution court did not abuse its discretion when it included Husband's IRA in the marital estate and then equally divided that estate. Likewise, the court did not abuse its discretion in denying Husband's motion to correct error on that basis. Because the court's order does not clearly state the judgment amount in imperative form, we order correction of the judgment to show an award of $8,107 in favor of Wife and instruct the trial court to amend its records accordingly.

Affirmed with instruction.

ROBB, C.J., and MATHIAS, J., concur.