**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**DIANE M. MILLER**
Albion, Indiana

ATTORNEY FOR APPELLEE:

**LATRIEALLE WHEAT**
Angola, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| IN RE THE MARRIAGE OF LISA L. SHISLER and NED L. SHISLER, | ) ) ) | |
| NED L. SHISLER, | ) ) | |
| Appellant-Respondent, | ) ) | |
| vs. | ) ) | No. 57A03-1109-DR-450 |
| LISA L. SHISLER, | ) ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE NOBLE CIRCUIT COURT
The Honorable G. David Laur, Judge
Cause No. 57C01-1008-DR-185

**December 7, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Ned L. Shisler ("Husband") appeals the distribution of the marital estate pursuant to his divorce from Lisa L. Shisler ("Wife"). Husband challenges the trial court's valuation of some assets and exclusion of other assets from the marital estate. The court erred in excluding multiple unvalued assets from the marital estate while simultaneously finding neither party had rebutted the presumption of equal division of marital assets. We accordingly reverse and remand.

**FACTS AND PROCEDURAL HISTORY**

The trial court's order indicated:

> [Wife] and [Husband] have previously divided and distributed between them to their mutual satisfaction all of their personal property marital items and each of them believes the distribution is fair and equitable and each is hereby declared to be the sole owner free and clear of any claim thereto by the other, of any and all such personal property marital items presently in their respective possessions.

> The Court finds, pursuant to Indiana Code 31-15-7-5, that an equal division and distribution of the marital property and marital debts between [Wife] and [Husband] is fair, just, and reasonable and that neither of them have rebutted that statutory presumption and it is the intent of the Court to make an equal division and distribution of the marital estate so far as possible based upon the evidence presented to the Court.

(Appellee's App. at 5.) The court then set over to Wife assets to which the court assigned a value of $55,894.562 and debts of $8,200.00. The court set over to Husband assets worth $118,060.00 and debts of $51,970.13. Because the difference in the net value assigned to the parties was $18,395.25, the court ordered Husband to pay Wife $9,197.63.

Husband filed a motion to correct error and Wife responded. The court granted Husband's motion to the extent the original judgment "did omit [Wife's] agreement to give the Honda Generator, house key and military nametag, if located[,] to [Husband]."

2

(*Id*. at 13.)  The court denied the remainder of Husband's motion.

## DISCUSSION AND DECISION

We review the denial of a motion to correct error for an abuse of discretion. *Wortkoetter v. Wortkoetter*, 971 N.E.2d 685, 687 (Ind. Ct. App. 2012).  An abuse of discretion occurs if the decision was against the logic and effect of the facts and circumstances before the court.  *Id*.

In an action for dissolution of marriage, a court is to divide all of the parties' property, without regard to whether the property was:

> (1) owned by either spouse before the marriage;
> (2) acquired by either spouse in his or her own right:
>> (A) after the marriage; and
>> (B) before final separation of the parties; or
> (3) acquired by their joint efforts.

Ind. Code § 31-15-7-4(a).  The court is to divide that property "in a just and reasonable manner," Ind. Code § 31-15-7-4(b), and the court is to "presume that an equal division of the marital property between the parties is just and reasonable."  Ind. Code § 31-15-7-5.  That presumption of equal division may be rebutted, however, if one of the parties

> presents relevant evidence, including evidence concerning the following factors, that an equal division would not be just and reasonable:
> (1) The contribution of each spouse to the acquisition of the property, regardless whether the contribution was income producing.
> (2) The extent to which the property was acquired by each spouse:
>> (A) before the marriage; or
>> (B) through inheritance or gift.
> (3) The economic circumstances of each spouse at the time the disposition of the property is to become effective, including the desirability of awarding the family residence or the right to dwell in the family residence for such periods as the court considers just to the spouse having custody of any children.
> (4) The conduct of the parties during the marriage as related to the

3

disposition or dissipation of their property.
(5) The earnings or earning ability of the parties as related to:
      (A) a final division of property; and
      (B) a final determination of the property rights of the parties.

*Id.*

The party challenging a division of assets "must overcome a strong presumption that the court complied with [the] controlling statute[s]." *Jendreas v. Jendreas*, 664 N.E.2d 367, 370 (Ind. Ct. App. 1996), *trans. denied.* We reverse only for an abuse of discretion and consider only the evidence favorable to the judgment. *Id.* We neither reweigh the evidence nor assess the credibility of the witnesses. *O'Connell v. O'Connell*, 889 N.E.2d 1, 10 (Ind. Ct. App. 2008). We may not set aside the findings or judgment unless they are clearly erroneous. *Wortkoetter*, 971 N.E.2d at 688.

On appeal, as in his motion to correct error, Husband asserts the court erroneously excluded some assets from the marital pot.

> [A]ll marital property, including property owned by either spouse prior to marriage, goes into the marital pot for division. This 'one-pot' theory insures that all assets are subject to the trial court's power to divide and award. While the trial court may ultimately determine that a particular asset should be awarded solely to one spouse, it must first include the asset in its consideration of the marital estate to be divided.

*O'Connell*, 889 N.E.2d at 11 (internal quotations and citations omitted).

In dividing the marital assets, the court excluded a number of assets from the Shislers' marital pot based on the premise the parties brought those assets to the marriage. For example, the court listed a "MONY" account as an asset assigned to Wife, but assigned that account a value of "$0.00" and indicated "(prior)." (Appellee's App. at 5.). It also assigned a value of $80,500 to the marital real estate because it excluded

4

"$16,000.00 for pre-marital asset contribution." (*Id.*) However, at the same time, the court indicated its intent to divide the marital estate equally because neither party had "rebutted that statutory presumption." (*Id.*) By excluding premarital assets while also purporting to divide the marital estate equally, the court committed reversible error. *See O'Connell*, 889 N.E.2d at 11-12 (court violated the one-pot theory when it did not consider and divide property owned before marriage).

Accordingly, we must reverse for the court to 1) include all marital assets in the marital pot for division or 2) enter a finding under Ind. Code § 31-15-7-5 that could support unequal division and setting aside of the pre-marital assets. Some assets the court should value and include in the marital pot, *if the court finds the assets existed*, are: Wife's MONY account, the life insurance proceeds Husband received upon the death of his father, the $16,000 Husband placed as a down payment on the marital residence, savings bonds Husband alleges his mother gave him, any additional vested pension plans, and any additional personal property with sufficient value to justify assigning a value.

Although we must reverse for the court to enter a new order distributing the marital estate, we address two other arguments raised on appeal because similar arguments are likely to arise on remand. First, as the court determines on remand which pension plans and annuities are to be included in the marital pot, we remind the court that "[a]lthough for purposes of dissolution all assets of the parties are considered property to be divided, a party must have a present interest of possessory value for the property to be subject to distribution." *Jendreas*, 664 N.E.2d at 372. Thus, if a pension is not vested, its value is not to be included in the marital estate.

5

Second, Husband asserts the court should have awarded him half of the money in Wife's Hartford Pension Plan and in her Valic Account. While it is true that the court assigned the full value of those accounts to Wife, we cannot find error. A court is not required to give each spouse half of each specific asset; rather, the court must divide the total marital estate in a just and reasonable manner. *See Eye v. Eye*, 849 N.E.2d 698, 701 (Ind. Ct. App. 2006) (we review the trial court's disposition of the marital estate as a whole, not item by item).

We reverse and remand for the court to enter a new order dividing the marital estate between Husband and Wife in a manner that accounts for all assets in the marital estate.

Reversed and remanded.

FRIEDLANDER, J., and BARNES, J., concur.