# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**MATTHEW S. WILLIAMS**
Fort Wayne, Indiana

ATTORNEY FOR APPELLEE:

**MARK C. CHAMBERS**
Haller & Colvin, P.C.
Fort Wayne, Indiana

**FILED**

Apr 23 2014, 10:12 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| IN RE THE MARRIAGE OF: ) | |
| JOSE DE JESUS CARRILLO PEREZ and ) | |
| MARIA GUADALUPE CARRILLO PEREZ, ) | |
| ) | |
| MARIA GUADALUPE VIDRIOS ZEPEDA f/k/a ) | |
| MARIA GUADALUPE CARRILLO PEREZ, ) | |
| ) | |
| Appellant-Respondent, ) | |
| ) | |
| vs. ) | No. 02A05-1305-DR-256 |
| ) | |
| JOSE DE JESUS CARRILLO PEREZ, ) | |
| ) | |
| Appellee-Petitioner. ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Charles F. Pratt, Judge
Cause No. 02D07-1103-DR-183

**April 23, 2014**

**OPINION - FOR PUBLICATION**

**MAY, Judge**

Maria Guadalupe Vidrios Zepeda appeals the division of the marital estate in her dissolution proceeding. She alleges the trial court abused its discretion when it awarded her only 2.5% of her ex-husband's lottery winnings. We affirm.

## FACTS AND PROCEDURAL HISTORY

Maria married Jose De Jesus Carrillo Perez on February 7, 2002, and they lived together until their physical separation in March 2006. The couple never again lived together after the physical separation, but they did not file for legal separation or dissolution. During the next six years, the couple spoke only two or three times, never comingled assets, had separate bank accounts, and generally lived as single individuals. In January 2011, Jose purchased a Hoosier Lottery scratch off ticket and won two million dollars. Jose filed for dissolution of the couple's marriage in March 2011.

On October 21, 2011, Maria served Requests for Admission pursuant to Indiana Trial Rule 36 on Jose. Jose did not answer any of those requests within the thirty days required by Rule 36. The trial court issued its Decree of Dissolution of Marriage on June 19, 2012. It ordered Jose to pay Maria $10,000.00 each year for five years from his annual lottery distributions, for a total payment of $50,000.00. Jose was further ordered to pay $2,852.00 toward Maria's attorney fees and $2,484.39 of her debts.

## DISCUSSION AND DECISION

The division of marital assets is within the trial court's discretion, and we will reverse only for an abuse of discretion. *McCord v. McCord*, 852 N.E.2d 35, 43 (Ind. Ct. App. 2006),*trans. denied*. A party challenging the division of marital property must overcome a

2

strong presumption that the trial court considered and complied with the applicable statute. *Id.* at 44. We consider only the evidence most favorable to the trial court's disposition of the marital property, and we may not reweigh the evidence or assess the credibility of the witnesses. *Id.*

A number of Maria's arguments relate to the impact of Jose's failure to respond to her Request for Admissions. The failure to respond in a timely manner to a request for admissions causes those matters to be admitted and conclusively established by operation of law. *Corby v. Swank*, 670 N.E.2d 1322, 1324 (Ind. Ct. App. 1996). Maria first notes the trial court's dissolution decree did not explicitly mention several admissions. However, we will not infer from the absence of an explicit reference to an admission that the court did not consider that admission. *See Eye v. Eye*, 849 N.E.2d 698, 703 (Ind. Ct. App. 2006) (holding trial court's failure to mention certain evidence in its written findings does not mean that it did not consider it).

In fact, the trial court did acknowledge that: the lottery winnings are a marital asset, as established in the first request for admission; the relative incomes of the parties, as addressed in admission six; and that Maria had not received any of the lottery winnings, as established in admission nine. The trial court also considered each factor rebutting an equal division of marital assets, listing several facts that supported its conclusion. The trial court found that the extended physical separation, during which time no funds were ever comingled and each person lived as an individual, justified limiting Maria's equitable interest in the lottery winnings. This determination was squarely within the discretion of the trial

3

court.  *See Castaneda v. Castaneda*, 615 N.E.2d 467, 469 (Ind. Ct. App. 1993) (upholding award of inheritance solely to wife, even though it was included in the marital pot).  Maria has not overcome the strong presumption that the trial court considered and complied with the applicable statute.

Maria argues Jose's second admission, that a distribution to Maria of 70% of the lottery winnings "is a fair and equitable distribution," conclusively establishes the marital estate must be so divided.  It does not.  Requests for admission can establish legal conclusions.  *General Motors Corp., Chevrolet Motors Div. v. Aetna Cas. &Sur. Co.*, 573 N.E.2d 885, 888 (Ind. 1991).  Jose admitted "a 70/30 distribution of the lottery winnings and other marital assets in this case, in which 70% goes to your wife, is *a* fair and equitable distribution of assets in this divorce case." (App. to Appellee's Br. at 26) (emphasis added).  That conclusively established a 70/30 split was *a* fair and equitable division, but it did not establish such was the *only* fair and equitable division.  The court had an obligation to determine what split would be "just and reasonable."[1]  Ind. Code § 31-15-7-5.  The trial court had broad discretion in making this determination.  *Wortkoetter v. Wortkoetter*, 971 N.E. 2d 685, 689 (Ind. Ct. App. 2012).  Jose's admission established only *a* fair and equitable division, and it remained within the trial court's discretion to determine whether some other division could be just and reasonable.  Discretion signifies choice, and a decision-maker exercising discretion has the ability to choose from a range of permissible conclusions.

---

[1] Jose's admission addresses a "fair and equitable" division of marital property, (App. to Appellee's Br. at 26), while the statute requires a "just and reasonable" division.  Ind. Code § 31-15-7-5.  Because the language of

4

*Johnson v. U. S.*, 398 A.2d 354, 361 (D.C. 1979). The decision-making activity is not ministerial and the various elements of the problem do not preordain a single permissible conclusion. *Id*. The decision-maker can rely largely upon his own judgment in choosing among the alternatives. *Id*. Although the act of choosing will be guided by various legal and other considerations, the decision-maker, and not the law, decides. *Id.* In this sense, the core of "discretion" as a jurisprudential concept is the absence of a hard and fast rule that fixes the results produced under varying sets of facts. *Id*. Here, the broad discretion of the trial court must include the ability to consider a range of just and reasonable divisions even though a request for admission establishes one division is fair and equitable. Therefore, the trial court committed no reversible error when it declined to divide the lottery winnings in the manner Jose admitted would be "a fair and equitable distribution."

Maria's remaining arguments, that the trial court did not give sufficient weight to the income disparities of the parties or to Jose's history of purchasing lottery tickets, and her allegation her testimony was more credible than Jose's, are invitations for us to reweigh the evidence and judge witness credibility, which we cannot do. *See McCord*, 852 N.E.2d at 43 (appellate court cannot reweigh evidence or judge the credibility of witnesses).

---

the admission did not preclude the trial court from dividing the lottery proceeds as it did, we need not address whether "fair and equitable" and "just and reasonable" mean the same thing.

**CONCLUSION**

Because the language of the admission did not preclude the trial court from awarding Maria only two point five percent of her husband's lottery proceeds and Maria fails to overcome the strong presumption that the trial court considered and complied with the applicable statute, the trial court did not abuse its discretion.[2]  Accordingly, we affirm.

Affirmed.

VAIDIK, C.J., and RILEY, J., concur.

---

[2] In one paragraph at the end of her brief, Maria claims that she is also appealing the denial of her request for $6,402.23 in attorney's fees.  She does not explain why that was error and she provides no legal authority supporting this claim.  Because her argument does not conform with Indiana Appellate Rule 46(A)(8)(a), which requires cogent argument and citation to authority," it is waived.  *See, e.g.*, *Pittman v. Pittman*, 717 N.E.2d 627, 633 (Ind. Ct. App. 1999) (argument waived for failure to present cogent argument supported by authority and references to the record).