## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 20 2017, 10:04 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Julianne L. Fox
Evansville, Indiana

ATTORNEY FOR APPELLEE

Craig Goedde
Johnson, Carroll, Norton, Kent &
Goedde, P.C.
Evansville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In re Adoption of L.W. (Minor Child)

R.W. (Father),

*Appellant-Respondent,*

v.

G.B. (Stepfather),

*Appellee-Petitioner*

March 20, 2017

Court of Appeals Case No.
82A01-1610-AD-2314

Appeal from the Vanderburgh Superior Court

The Honorable Renee Ferguson, Magistrate

Trial Court Cause No.
82D04-1506-AD-56

**Crone, Judge.**

## Case Summary

[1] R.W. ("Father") appeals the trial court's order granting the petition filed by G.B. ("Stepfather") to adopt Father's biological son, L.W. Father argues that the trial court erred in finding that his consent to the adoption was not required based on a reason not alleged in the adoption petition. We hold that Father has waived this argument and therefore affirm.

## Facts and Procedural History

[2] In 2005, L.W. was born to Father and D.B. ("Mother"). In 2010, Father was convicted of molesting his daughter and received a sixty-year sentence. In February 2015, Stepfather married Mother. In June 2015, Stepfather filed a petition to adopt L.W. In an amended petition, Stepfather alleged that Father's consent to the adoption was not required pursuant to Indiana Code Section 31-19-9-8 because, for a period of at least one year, he failed without justifiable cause to communicate significantly with L.W. when able to do so and knowingly failed to provide for L.W.'s care and support when able to do so as required by law or judicial decree.

[3] At the hearing on the petition, Father was represented by counsel and appeared by telephone from prison. Without objection, Stepfather testified about Father's convictions, asked the trial court to take judicial notice of the criminal proceedings, and provided the court with copies of the chronological case summaries. Also without objection, Mother testified that Father's victim was L.W.'s half sister. The trial court called a bench conference and directed

counsel's attention to Indiana Code Section 31-19-9-10, which states in relevant part that "[a] court shall determine that consent to adoption is not required from a parent if: (1) the parent is convicted of and incarcerated at the time of the filing of a petition for adoption for" certain crimes, including class A felony child molesting; "(2) the child or the child's sibling, half-blood sibling, or step-sibling of the parent's current marriage is the victim of the offense; and (3) after notice to the parent and a hearing, the court determines that dispensing with the parent's consent to adoption is in the child's best interests." The court noted that Father had been convicted of and was incarcerated for class A felony child molesting at the time the petition was filed, that the victim was L.W.'s half-blood sibling, and that Father had been "on the phone, he's been given notice all the way along[.]" Tr. at 40. The court stated,

> So I can tell you right now, as soon as we finish Mother's testimony, I'm going to be ready to conclude that dispensing with [Father's] consent is in the child's best interest, given the nature of his crimes against children and the fact that it was [L.W.'s] half-sister. So I just wanted to let you know, Gentlemen, where I'm heading. And you most certainly can have time to talk with your client about that, [Father's counsel].

*Id*. Father's counsel did not object to the court's stated intentions. The court allowed counsel to confer privately with Father and recalled Mother to the stand. Father then testified, and the parties made closing arguments. At the conclusion of the hearing, the court found that Father's consent to the adoption was not required pursuant to Indiana Code Section 31-19-9-10 and that it was

in L.W.'s best interests to be adopted by Stepfather. The court later issued a written order to this effect. This appeal ensued.

## Discussion and Decision

[4] Father argues that the trial court erred in finding that his consent to the adoption was not required pursuant to Indiana Code Section 31-19-9-10 because Stepfather did not plead that basis for dispensing with his consent in his adoption petition. We hold that Father waived this argument by failing to object at trial. *See Linenburg v. Linenburg*, 948 N.E.2d 1193, 1197 (Ind. Ct. App. 2011) ("A party may not sit idly by, permit the court to act in a claimed erroneous manner, and subsequently attempt to take advantage of the alleged error.") (citation omitted). Therefore, we affirm.

[5] Affirmed.

Riley, J., and Altice, J., concur.