## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 28 2017, 6:35 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEY FOR APPELLEE |
|---|---|
| Heather M. Schuh-Ogle | Christopher C.T. Stephen |
| Thomasson, Thomasson, Long & | Stephen Legal Group |
| Guthrie, P.C. | Greensburg, Indiana |
| Columbus, Indiana | |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Dustin L. Conley, | July 28, 2017 |
| *Appellant-Respondent,* | Court of Appeals Case No. 16A05-1701-DR-81 |
| v. | Appeal from the Decatur Circuit Court. |
| | The Honorable Timothy Day, Judge. |
| Candice M. Conley n/k/a Candice M. Koors, | Trial Court Cause No. 16C01-1508-DR-378 |
| *Appellee-Petitioner.* | |

## Shepard, Senior Judge

[1] Dustin L. Conley appeals the trial court's decree dissolving his marriage with Candice M. Conley. We affirm.

[2] The parties married in 2013. They had no children together and separated in 2015. On August 12, 2015, Candice filed a petition for legal separation, a

motion for temporary possession of premises, and a motion for apportionment of monthly liabilities. On July 19, 2016, she filed a petition for dissolution. Meanwhile, Dustin was incarcerated in the Indiana Department of Correction for an offense not identified in the record.

[3] The trial court scheduled an evidentiary hearing. On September 19, 2016, Dustin, by counsel, moved for continuance and moved to be transported from the Department of Correction for the hearing. The court rescheduled the final hearing but denied the motion to transport.

[4] At the evidentiary hearing on November 29, 2016, Dustin was represented by counsel and by his mother, to whom he had granted a power of attorney. She testified on his behalf. Neither party asked the court for findings of fact and conclusions. On December 13, 2016, the court issued a decree of dissolution. Among other provisions, the court awarded the marital home to Candice, ordered that each party would keep his or her own retirement accounts, and distributed the parties' vehicles and personal property.

[5] Dustin first claims the court violated his rights under the Indiana Constitution by holding the hearing without his participation, either in person or by telephone. Article one, section twelve of the Indiana Constitution provides, in relevant part: "All courts shall be open; and every person, for injury done to him in his person, property, or reputation, shall have remedy by due course of law." Implicit in the right to bring or defend against a civil action is the right to present one's claim in court. *Sabo v. Sabo*, 812 N.E.2d 238 (Ind. Ct. App. 2004).

The right to present one's claim does not always amount to a right to be present in court. A prisoner who is involved in a civil lawsuit has no general right to a transport order. *Id.*

[6] Dustin asked the trial court to order him to be brought to court for the evidentiary hearing, but pursuant to precedent the court did not violate his right to due course of law by denying his request. Further, Dustin did not ask the court to allow him to appear telephonically. The court cannot be faulted for failing to grant relief a party did not request. *See Hooker v. Hooker*, 15 N.E.3d 1103 (Ind. Ct. App. 2014) (no violation in holding a hearing without the incarcerated defendant where defendant did not ask to participate). The court did not deprive Dustin of due course of law.

[7] Next, Dustin claims the court erred by failing to identify the values it assigned to every marital asset. We review the court's valuation of a marital asset for an abuse of discretion. *Weigel v. Weigel*, 24 N.E.3d 1007 (Ind. Ct. App. 2015). There is no abuse of discretion where sufficient evidence and reasonable inferences support the court's valuation. *Id.* It is an abuse of discretion for the court to distribute property without apprising itself of the value of the property. *In re Marriage of Church*, 424 N.E.2d 1078 (Ind. Ct. App. 1981). The parties bear the burden of demonstrating the value of marital assets. *Campbell v. Campbell*, 993 N.E.2d 205 (Ind. Ct. App. 2013), *trans. denied*. A party who fails to introduce evidence as to the specific value of marital property is estopped from appealing the distribution of the property on the ground of absence of evidence. *Church*, 424 N.E.2d 1078.

[8] Neither party requested findings of fact and conclusions. Thus, the court was required to assess the value of each marital asset, but it was not obligated to explain its valuations in detail. Further, Dustin submitted a list of the property he wanted, including half of the house, but he did not assign a value to any of the marital assets. Instead, Dustin's mother presented values for the parties' purebred dog, an Acura automobile, the parties' equity in the marital home, and Dustin's retirement account. Dustin is thus estopped from challenging the valuation of the other marital assets. In addition, at the end of the hearing the court orally explained how it intended to distribute the assets, explaining that the court was trying to be fair. It is clear from this discussion that the court considered the parties' evidence about the values of the assets. The court did not abuse its discretion. *See Dean v. Dean*, 439 N.E.2d 1378 (Ind. Ct. App. 1982) (no abuse of discretion in valuing property where court did not explicitly state value of each marital asset).

[9] Finally, Dustin argues the trial court inappropriately deviated from an equal division of marital property without providing an adequate explanation. Courts are required by statute to presume that an equal division of the marital estate "is just and reasonable." Ind. Code § 31-15-7-5 (1997). The party challenging a trial court's division of marital property must overcome a strong presumption that the court considered and complied with the applicable statute. *Harris v. Harris*, 42 N.E.3d 1010 (Ind. Ct. App. 2015). This presumption is one of the strongest presumptions applicable to our consideration on appeal. *Id.* The division of marital assets is within the trial court's discretion, and we will

reverse only for an abuse of discretion. *In re Marriage of Perez*, 7 N.E.3d 1009 (Ind. Ct. App. 2014). We consider only the evidence most favorable to the trial court's disposition of the marital property, and we may not reweigh the evidence or assess the credibility of the witnesses. *Id.*

[10] It is not apparent that the court deviated from an equal division. To the contrary, the court indicated in its discussion at the evidentiary hearing, "We're not dealing with exact numbers, so I'm going to do the best I can here." Tr. p. 38. For example, the court ordered Candice to make the payments on one of the parties' cars until Dustin was released from incarceration, at which point she would give the car to him and he would be solely responsible for the payments. The court stated it would balance Candice's obligation to make car payments by awarding her the parties' dog, a relatively expensive purebred. In addition, the court awarded Candice the equity in the marital home but ordered her to pay the debt owed on the parties' credit card.

[11] If anything, the estate was divided in favor of Dustin. The parties each kept their own retirement accounts, and Dustin's was worth nearly twice Candice's ($59,000 versus $30,000). The court awarded Candice the marital home, in which the parties had, according to the court, only "a few thousand dollars in equity." Tr. p. 40. Further, Candice had been paying the mortgage and other expenses by herself starting in July 2016 when Dustin was incarcerated, and the court assigned her sole responsibility for the mortgage, taxes, and upkeep going forward. We find no abuse of discretion in the division of the marital estate.

[12]     For the foregoing reasons, we affirm the judgment of the trial court.

[13]     Affirmed.

Vaidik, C.J., and Altice, J., concur.