## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 25 2018, 8:37 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Adam J. Sedia
Hoeppner, Wagner, & Evans, LLP
Merrillville, Indiana

ATTORNEY FOR APPELLEE

Shana D. Levinson
Levinson & Levinson
Merrillville, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Margarita Ruiz,<br>*Appellant-Petitioner,*<br><br>v.<br><br>Pedro J. Tirado,<br>*Appellee-Respondent* | May 25, 2018<br><br>Court of Appeals Case No.<br>45A03-1709-DR-2249<br><br>Appeal from the Lake Superior Court<br><br>The Honorable Elizabeth F. Tavitas, Judge<br><br>The Honorable Thomas P. Hallett, Magistrate<br><br>Trial Court Cause No.<br>45D03-1202-DR-99 |

**May, Judge.**

Margarita Ruiz ("Mother") appeals the trial court's denial of her petition for relocation and the court's modification of custody. She submits the following issues for our review:

1. Whether the trial court erred in finding she had not met her burden of showing her relocation was made in good faith and for a legitimate reason; and

2. Whether the court's order of a change in custody unless Mother returns to Indiana violates Indiana's custody modification statute.

Pedro J. Tirado ("Father") argues the trial court did not err in finding Mother failed to meet her burden for relocation. Regarding the change in custody, Father argues the court's custody order was temporary and, thus, is not ripe for appeal. In the alternative, Father argues the trial court's custody modification is permissible under Indiana's relocation statute because it modifies based on a "condition of present custody not a future automatic trigger for modification." (Appellee's Br. at 13.)

We affirm and remand.

## Facts and Procedural History

Mother and Father were married on March 9, 2007. They had two children. Mother filed for dissolution on February 8, 2012. The parties' final dissolution decree was entered on December 23, 2013, pursuant to a settlement agreement. Therein, Mother received primary physical custody of the two minor children,

while the parties shared legal custody. Father was given parenting time pursuant to the Indiana Parenting Time Guidelines and was to see the children during agreed-upon extracurricular activities. The agreement between the parties specifically noted the parties were bound by Indiana Code section 31-17-2.2-3 if they intended to relocate.[1]

On August 7, 2017, Mother filed her "Notice of Intent to Relocate Residence." (App. Vol. II at 22.) Therein, she stated that in "April/May of 2017, Mother notified Father of her intentions to relocate . . . and Father did not object to same." (*Id.*) On August 8, 2017, Father filed an objection to the relocation and requested "temporary physical custody of the minor children" or that Mother "be prohibited from removing the minor child [sic] from the State of Indiana." (*Id.* at 24.) Father also petitioned for a "Temporary Mutual Restraining Order" to prevent the removal of the children from Indiana. The trial court scheduled

---

[1] Indiana Code section 31-17-2.2-3 states, in relevant part:

> (a) Except as provided in section 4 of this chapter, an individual required to file a notice under IC 31-14-13-10 or section 1 of this chapter must:
>
> > (1) send the notice to each nonrelocating individual:
> >
> > > (A) by registered or certified mail; and
> > >
> > > (B) not later than ninety (90) days before the date that the relocating individual intends to move[.]
> >
> > \* \* \* \* \*
>
> (b) Except as provided in section 4 of this chapter, if the relocating individual is unable to provide the information required under subsection (a)(2) not later than ninety (90) days before the relocating individual intends to move, the relocating individual shall provide the information in the manner required under subsection (a) not later than ten (10) days after the date that the relocating individual obtains the information required to be provided under subsection (a)(2). However, the relocating individual must provide all the information required under subsection (a)(2) not later than thirty (30) days before the relocating individual intends to move to the new residence.

the matter for a hearing on August 28, 2017.[2]  At the time of the hearing, twenty-one days after filing her Notice of Intent to Relocate, Mother and the children already had moved to Illinois.  Mother had signed a lease for housing in Illinois, enrolled the children in school in Illinois, and transferred her work location to Illinois.[3]

[6]     At the hearing, Mother testified her move to Illinois was predicated by her desire to be with her boyfriend, Javier, with whom she had been in a relationship for eighteen months.  Javier has three children who live in Illinois.  One of his children is a minor with whom he exercises parenting time.  At the end of Mother's testimony, Father moved for a "directed verdict."[4]  (Tr. Vol. II at 21.)  Father argued Mother had not "met her burden today to show that this relocation is made in good faith and for a legitimate purpose," (*id.*), because she had "chosen [the] location based on—partially based on closeness to [Javier's] children, [and] she relocated despite [Father] having filed an Injunction[.]" (*Id.*)

---

[2] Nothing in the record indicates the trial court entered an order on Father's petition for temporary mutual restraining order.

[3] Mother presented evidence that she had transferred work locations; however, she did not at trial, and does not now on appeal, advance this transfer as the reason for her relocation.

[4] A directed verdict is appropriate "[w]here all or some of the issues of a case tried before a jury or an advisory jury are not supported by sufficient evidence[.]"  Ind. Trial Rule 50.  Appellate courts address rulings on a motion for directed verdict made during a bench trial under the standard of review for a motion for involuntary dismissal under Trial Rule 41(B).  *Workman v. State*, 716 N.E.2d 445, 447 (Ind. 1999).  We review such a ruling under a clearly erroneous standard.  *Thornton-Tomasetti Eng'rs v. Indianapolis-Marion Cty. Pub. Library,* 851 N.E.2d 1269, 1277 (Ind. Ct. App. 2006).  We do not reweigh the evidence or judge the credibility of the witnesses and "reverse the trial court only if the evidence is not conflicting and points unerringly to a conclusion different from the one reached by the lower court."  *Id*.  This is the same standard we use when reviewing the court's order that includes findings of fact and conclusions of law. *See infra* ¶ 10.

During that hearing, Father also asserted that, if Mother were to return to Indiana, he would not pursue modification of custody.

[7]     The trial court agreed with Father. Without reaching the question of whether allowing the children to relocate with Mother was or was not in the best interest of the children, the trial court found Mother had not met the initial burden of showing good faith and a legitimate reason for relocation. Specifically, the trial court noted "the only reason [it] heard here [for relocation] is so [Mother] can move in with her boyfriend and the boyfriend can then maintain the same parenting time schedule that he has with his daughter." (*Id*. at 22.) The trial court *sua sponte* entered findings of fact and conclusions of law. As Mother had not met her burden, Father's objection to the relocation was granted. Temporary custody of children was transferred to Father, unless Mother moved back to Indiana.

[8]     The trial court stayed the order for thirty days to give Mother an "opportunity that she didn't give [Father] to figure out what it is that she wants to do in light of this Order." (*Id*. at 27.) Additionally, the trial court indicated Mother's attorney would have the opportunity to file a motion to correct error if he had "case law that says, that, that supports your argument[.]"[5] (*Id*.) The trial court then set the matter for a status hearing on October 30, 2017.

---

[5] During the hearing, Mother's counsel appeared to argue the trial court should have first decided if the relocation was in the best interest of the children before or without deciding whether Mother had acted in good faith and with legitimate reason. However, no motion to correct error was filed.

[9]     On September 27, 2017, Mother requested a further stay pending appeal. Instead of holding a status hearing on October 30, the trial court heard argument regarding Mother's request for a stay. The trial court granted Mother's request, provided she post an appeal bond of $500.00, which she did, and provided Father's parenting time would remain the same as it was prior to relocation, with Mother providing all transportation.

# Discussion and Decision

[10]    The trial court entered findings of fact and conclusions of law denying Mother's request to relocate and modifying custody unless she returned to Indiana.[6] Accordingly, we will "not set aside the findings or judgment unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." Trial Rule 52(A). The trial court entered its findings *sua sponte*; thus, we review the issues covered in the findings "with a two-tiered standard of review that asks whether the evidence supports the findings, and whether the findings support the judgment." *Steele-Giri v. Steele*,

---

[6] On October 12, 2017, Father filed a motion with our court for a pre-appeal conference asserting the trial court's order was not a final, appealable order and requesting we announce Mother should have sought leave to file for "interlocutory relief." (App. Vol. II at 38.) A panel of our court denied Father's motion for a conference.

Father's brief raises again the question whether the trial court's order is final and appealable. Mother's appeal is properly before us because the trial court enjoined her from relocating with the children, which is an interlocutory order appealable as of right under Indiana Appellate Rule 14(A)(5). As the appeal is proper as to that issue, we will also address the custody issues. *See, e.g., Linenburg v. Linenburg*, 948 N.E.2d 1193, 1195 n.5 (Ind. Ct. App. 2011) (addressing preliminary determination as to custody when interlocutory appeal brought as of right based on court's ordering delivery of possession of property).

51 N.E.3d 119, 123 (Ind. 2016). Issues not covered by the trial court's findings are treated as a general judgment, and we will affirm on any legal theory supported by the evidence. *Yanoff v. Muncy*, 688 N.E.2d 1259, 1262 (Ind. 1997).

[11] "[O]ur Supreme Court has expressed a preference for granting latitude and deference to our trial judges in family-law matters." *Myers v. Myers*, 13 N.E.3d 478, 485 (Ind. Ct. App. 2014). This is because of the trial judges' unique, face-to-face interactions with the parties wherein they are able to "assess credibility and character through both factual testimony and intuitive discernment[.]" *Best v. Best*, 941 N.E.2d 499, 502 (Ind. 2011). As such, trial judges are in a "superior position to ascertain information and apply common sense[.]" *Id*.

## Relocation

[12] When seeking to relocate with children, the relocating parent must provide notice of the proposed relocation. Ind. Code § 31-17-2.2-1. This notice should be sent ninety days prior to relocation, but must be sent no less than thirty days prior to relocation. Ind. Code § 31-17-2.2-3(a) & (b). Within sixty days of the notice to relocate, the non-relocating parent may file an objection. Ind. Code § 31-17-2.2-5(a). At an evidentiary hearing, the relocating parent has the burden to show the "proposed relocation is made in good faith and for a legitimate reason." I.C. § 31-17-2.2-5(c). If the relocating parent can show good faith and a legitimate reason, the burden then shifts to the non-relocating parent "to show that the proposed relocation is not in the best interest of the child." I.C. § 31-17-2.2-5(d).

[13] Father filed an objection, and the trial court held a hearing. The trial court found Mother did not provide even thirty days' notice of her intent to relocate. Additionally, it found her reason for relocation was to "move in with her boyfriend in a location that will not disrupt or interfere with her boyfriend's parenting time with his daughter." (App. Vol. II at 12.) The trial court found Mother's relocation was not "made in good faith and for a legitimate reason." (*Id*.) Mother argues the court's findings regarding her reasons for moving and her lack of good faith are erroneous.

[14] Mother argues that moving to "begin a new spousal relationship does not render the decision [to move] illegitimate." (Appellant's Br. at 17.) Mother depends largely on our decision in *Paternity of X.A.S. v. S.K.*, 928 N.E.2d 222 (Ind. Ct. App. 2010), *trans. denied*, wherein a father's request to relocate was premised primarily on his desire to be with his wife, who was in the Navy. In *X.A.S.*, we reversed the trial court's denial of father's request to relocate with his child.[7] *Id.* at 230. Mother argues that although she and Javier are not married or even affianced,[8] they intend to "establish a permanent conjugal relationship[.]" (Appellant's Br. at 18.)

---

[7] Our review in *X.A.S.* was focused on the parties' custody arrangement and the best interest of the child. The opinion contains no discussion of whether that father's petition to relocate was filed in good faith and for a legitimate reason. As *X.A.S.* contains no legal holding regarding the legitimacy of the father's request to relocate, it is immaterial to the legal issue of whether Mother acted in good faith and with a legitimate reason when she moved to be with her boyfriend.

[8] Although Javier is referenced, at times, as Mother's fiancé, Mother clarified they are not engaged. (*See* Tr. Vol. II at 11.)

[15] No explicit criteria exist to determine whether a relocation is made in good faith and for a legitimate reason; however, "more than a mere pretext" is required. *T.L. v. J.L.* 950 N.E.2d 779, 787 (Ind. Ct. App. 2011), *reh'g denied.* Relocating to be near family members or for employment are commonly acceptable reasons to support good faith and legitimacy. *Id*. at 787-88. "While the trial court may consider noncompliance with the notice provision and obstruction of parenting time as indicative of a parent's insidious intent, we find that these facts, of themselves, are not dispositive of the issue of a good faith, legitimate reason for relocating." *Gold v. Weather*, 14 N.E.3d 836, 842 (Ind. Ct. App. 2014), *trans. denied.* Thus, while Mother's noncompliance with the notice requirements does not automatically demonstrate a lack of good faith or legitimacy, that noncompliance, nevertheless, may be considered as a factor in the trial court's determination of whether Mother was able to prove her move was in good faith and for legitimate reasons.

[16] The trial court did, in fact, take note of Mother's noncompliance with the notice requirements, but it also found her reason for moving (*i.e.,* moving in with Javier) not sufficient to support a finding she was moving in good faith and for a legitimate reason. When asked about her relationship with Javier, Mother indicated she was hopeful about marrying "at some point," (Tr. Vol. II at 6), but she was "still not too sure with [sic] marriage." (*Id*.) Mother invites us to equate a non-marital, intimate relationship with a marital relationship. She argues the courts have eroded the "unique protections afforded the marital relationship" such that a non-marital relationship should be treated no

differently. (Reply Br. at 8.) However, that is not the question before us. Rather, we are asked to determine if the trial court heard evidence of Mother's intent and weighed that evidence accordingly. It did and decided Mother's move was not in good faith and for legitimate reasons. It is not for us to second-guess the trial court's assessment of Mother's credibility or to reweigh the evidence. *See In re Marriage of Perez*, 7 N.E.3d 1009, 1012 (Ind. Ct. App. 2014) (appellate court may not judge witness credibility or reweigh evidence).

## Temporary Custody

[17] The trial court is allowed latitude to award temporary custody in a relocation proceeding if, after a hearing, there is a likelihood it will not grant the request for relocation and the relocating parent has already moved. Ind. Code § 31-17-2.2-6(a)(3). That is precisely the situation here. Prior to the hearing on her request for relocation, Mother moved. The trial court heard evidence and denied Mother's request for relocation because it found she was not moving in good faith and for a legitimate reason. Although the trial court did give Mother the option to return, it also granted temporary custody to Father. We will address this argument only to the extent it applies to an order of temporary custody.[9]

---

[9] When determining a permanent custody modification pursuant to a relocation, the trial court is required to consider:

> (1) The distance involved in the proposed change of residence.

> (2) The hardship and expense involved for the nonrelocating individual to exercise parenting time or grandparent visitation.

[18] Mother contends the trial court's grant of temporary custody is an "automatic change of custody" predicated on "specified future action, in violation of Indiana's custody modification statute[.]" (Appellant's Br. at 5.) However, the trial court's order is not based on the occurrence of a future act.

[19] In *Bojrab v. Bojrab*, 810 N.E.2d 1008 (Ind. 2004), our Indiana Supreme Court clarified the difference between a custody modification predicated on a future event and a present award of custody based on the children's residence.

> [A] trial court may not prospectively order an automatic change of custody in the event of any significant future relocation by the wife. The decree does contain language ordering that, in the event the wife unilaterally decides to relocate outside Allen County, Indiana, "custody of the children shall be granted to the [husband]." Appellant's Appendix at 164. This language is inconsistent with the requirements of the custody modification statute, Indiana Code § 31-17-2-21. Immediately preceding such language declaring a conditional future change of custody, however, the decree states: "the grant of custody of the parties'

---

(3) The feasibility of preserving the relationship between the nonrelocating individual and the child through suitable parenting time and grandparent visitation arrangements, including consideration of the financial circumstances of the parties.

(4) Whether there is an established pattern of conduct by the relocating individual, including actions by the relocating individual to either promote or thwart a nonrelocating individual's contact with the child.

(5) The reasons provided by the:

    (A) relocating individual for seeking relocation; and

    (B) nonrelocating parent for opposing the relocation of the child.

(6) Other factors affecting the best interest of the child.

Ind. Code § 31-17-2.2-1(b). To determine whether custody shall be awarded permanently to Father, here, the trial court still must hold a hearing and hear evidence as to these factors. *See Baxendale v. Raich*, 878 N.E.2d 1252, 1257 (Ind. 2008) (trial court is required to consider the factors listed in the relocation statutes when determining custody pursuant to a relocation).

minor children is subject to maintaining their residence in Allen County, Indiana." Appellant's Appendix at 164. There is a significant difference between the two phrases. One purports to automatically change custody upon the happening of a future event; the other declares that the present award of custody is conditioned upon the continuation of the children's place of residence. While the automatic future custody modification violates the custody modification statute, the conditional determination of present custody does not.

*Id.* at 1012 (footnote omitted).

[20] Here, the trial court denied Mother's request for relocation and ordered temporary custody of the minor children transferred to Father unless Mother returned to Indiana. Unlike in *Bojrab*, Mother had already relocated without court approval, such that this trial court was faced with modifying custody for a relocation that had already occurred. The trial court did not violate the statute with an impermissible, automatic custody modification conditioned on a future event; rather, it made a "conditional determination of present custody." *Id*. Thus, the trial court did not err.

# Conclusion

[21] The trial court did not err when it found Mother's relocation was not in good faith or for a legitimate reason. The trial court did not err when it ordered Father to have temporary custody. We remand for the court to hear further evidence in order to decide whether permanent modification of custody is in the best interests of the children.

Affirmed and remanded for proceedings consistent with this opinion.

Vaidik, C.J., and Altice, J., concur.