

FILED
May 07 2015, 10:02 am
CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Nathaniel Lee
Lee & Fairman, LLP
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Mark Small
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In Re the Marriage of:

Teasha J. Harris,

*Appellant-Respondent,*

v.

Anthony J. Harris,

*Appellee-Petitioner*

May 7, 2015

Court of Appeals Case No.
49A04-1501-DR-14

Appeal from the Marion Superior
Court.
The Honorable Patrick L. McCarty,
Judge.
Cause No. 49D03-0809-DR-41630

**Baker, Judge.**

[1] Teasha Harris (Wife) appeals the trial court's denial of her motion to correct error. She argues that the trial court erred in determining that it lacked personal jurisdiction over Anthony Harris (Husband) as to the division of certain marital assets. She also argues that the trial court erred in determining that Husband's military pension was not a marital asset. Finding that Husband had consented to the trial court's jurisdiction over him in regard to all matters necessary to the disposition of this cause, we reverse the portions of the trial court's judgment that were affected by this determination. However, we affirm the trial court's judgment that Husband's military pension was not a marital asset. Accordingly, we remand to the trial court for further proceedings consistent with this opinion.

## Facts

[2] Husband and Wife were married in 1995 in Watertown, New York. They have one daughter (Daughter), born in 1996. In 2005, Wife separated from Husband and moved to Indiana. In 2008, Wife filed a petition for dissolution of marriage in Marion County, seeking primary custody of Daughter and a distribution of the marital property. At that time, Husband was a resident of North Carolina, and, as a member of our armed forces, was stationed in Germany.

[3] Pursuant to the Uniform Child Custody Jurisdiction Act (UCCJA),[1] the trial court ordered a phone call to discuss jurisdictional issues with the appropriate

_____

[1] Ind. Code art. 31-21.

trial court in North Carolina. The North Carolina court agreed that all matters regarding Daughter, including the petition for dissolution of marriage, would be heard by the trial court in Marion County.

[4] The trial court then held a hearing on Wife's petition on February 2, 2009. Wife was present at this hearing but Husband did not appear. Following the hearing, the trial court issued a decree for dissolution of the marriage, awarded custody of Daughter to Wife, ordered Husband to pay $239 per week in child support and $500 per month in spousal allowance, ordered Husband to pay the balance owed on the parties' vehicle and transfer title of the vehicle to Wife, and awarded thirty-two percent of Husband's military pension to Wife.

[5] On March 2, 2009, Husband filed a motion to correct error, arguing that the trial court lacked personal jurisdiction over him. The trial court denied this motion and Husband appealed. On appeal, this Court held that the trial court did not err in dissolving the marriage, as changing the parties' status from married to unmarried takes the form of an *in rem* proceeding, in which "the trial court may, upon *ex parte* request of a resident party, dissolve a marriage without obtaining personal jurisdiction over the other party." *Harris v. Harris*, 922 N.E.2d 626, 634 (Ind. Ct. App. 2010).

[6] However, observing that "[i]n order for a trial court to have jurisdiction over marital property, the court must have *in personam* jurisdiction over both parties," this Court held that the trial court's judgments as to child support, spousal allowance, military retirement pay, and all other incidences of marriage

were void for lack of personal jurisdiction. *Id.* at 635-38. This Court also reversed the trial court's judgment as to child custody for failure to comply with the Servicemembers Civil Relief Act (SCRA)[2] and the UCCJA. *Id.* at 638-40.

[7] Following this Court's decision, on July 19, 2011, Husband and Wife filed an agreed entry for modified decree of dissolution in the Marion County trial court. Husband and Wife agreed that Wife would have primary custody of Daughter, Husband would pay Wife $196 in weekly child support, Husband and Wife would share the expense of Daughter's post-secondary education, and Husband would maintain Daughter's health insurance. The trial court approved this agreement the same day.

[8] Also on July 19, 2011, Wife filed a verified petition for equitable division of marital assets and spousal maintenance. In her petition, Wife noted that "she is physically incapacitated to the extent that her ability to support herself is materially affected." Appellant's App. p. 88. In her petition, Wife acknowledged this Court's ruling setting aside the trial court's previous order as to distribution of marital property because of a lack of personal jurisdiction over Husband. However, Wife noted that "[t]he parties executed an Agreed Entry in which [Husband] submitted to the jurisdiction of Indiana *with regards to the issues of support and parenting time*." *Id.* at 87 (emphasis added). There is no evidence in the record indicating that the trial court ever ruled on this petition.

---

[2] 50 App. U.S.C. §§ 501-596.

[9] On April 13, 2012, Husband filed an emergency petition for telephone conference with counsel. Husband alleged that he was to be deployed to Afghanistan in early May 2012, that he wished to visit Daughter before he was deployed, and that he had tried to contact Wife numerous times to make arrangements to come to Indianapolis to visit Daughter but that Wife had refused to take his calls. On June 14, 2013, Husband filed an emergency petition for hearing and petition for contempt. Wife filed her own petition for contempt for non-payment of child support on July 24, 2013. The trial court set a hearing to resolve all pending motions.

[10] On July 11, 2014, following several continuances, the trial court held this hearing. On August 26, 2014, the trial court issued an order, finding that Husband's child support obligation of $196 per week to Wife terminated on August 21, 2014. The trial court also denied Wife's request to include Husband's military pension as a marital asset and distribute a portion of it to Wife. In the order, the trial court noted that "the Indiana Court of Appeals on February 7, 2010 found that the Trial Court did not have 'in personam jurisdiction' over [Husband], but that *[Husband] subsequently accepted 'in personam jurisdiction' regarding custody, support, etc. regarding [Daughter]*." *Id.* at 104 (emphasis added). The trial court concluded that "[a]ll other terms and conditions of the Dissolution of Marriage Decree, as amended, shall remain in full force and effect." *Id.* at 108.

[11] On September 18, 2014, Wife filed a motion to correct error in which she noted that the trial court's order "fail[ed] to make any determination with regard to

spousal allowance, payment for or transfer of title in the vehicle." *Id.* at 66. Wife also argued that Husband had submitted to the jurisdiction of the trial court for all purposes, not simply for the "limited purpose of the parties' child." *Id.* at 65-66. Wife asked the trial court to "cure the error, including setting aside the Court's August 26, 2014 Order with regard to spousal allowance, payment for and transfer of title in the vehicle, reinstatement of spousal maintenance, award a pro rata share of pension/military retirement . . . and for all other just and proper relief . . . ." *Id.* at 68. Following a hearing, the trial court denied Wife's motion on December 17, 2014. Wife now appeals.

## Discussion and Decision

[12] We review a trial court's ruling on a motion to correct error for an abuse of discretion. *Wortkoetter v. Wortkoetter*, 971 N.E.2d 685, 687 (Ind. Ct. App. 2012). An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and the circumstances before it or if the court misinterprets the law. *Id.*

[13] In her motion to correct error, Wife alleged that the trial court erred in determining that it lacked personal jurisdiction over Husband regarding issues unrelated to Daughter's custody or child support. Wife also alleged that the trial court erred in determining that Husband's military pension had not become part of the marital property because Husband had not acquired a vested interest in it prior to the dissolution of the marriage.

# I.  Personal Jurisdiction

[14] In its order on Wife's motion to correct error, the trial court found that:

> As to [Wife's] claim that she should be entitled to spousal maintenance, title to a vehicle, attorney's fees, etc., such an Order would have required this Court to be able to assert "in personam" jurisdiction over [Husband], and that issue has already been made "res judicata" by the Indiana Court of Appeals.

Appellant's App. p. 115.  The trial court further noted that although Husband agreed "to allow the Court to issue an order regarding [Daughter's] custody/support," he had not waived personal jurisdiction as to other issues. *Id.*  We find two errors in the trial court's analysis.

[15] First, this Court's 2010 decision did not render the issue of the trial court's jurisdiction over Husband *res judicata*.  Indiana Trial Rule 4.4 provides that "a court of this state may exercise jurisdiction on any basis not inconsistent with the Constitutions of this state or the United States."  Due process requires that a court's exercise of jurisdiction over an individual "not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. State of Wash., Office of Unemployment Compensation & Placement*, 326 U.S. 310, 316 (1945).  Accordingly, before exercising jurisdiction over an individual, courts must determine that the individual's "conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).  In 2010, this Court held that Husband's contacts with Indiana were insufficient to allow our courts to exercise jurisdiction over him. *Harris*, 922 N.E.2d at 637.

However, Husband was not prevented from subsequently establishing sufficient contact with the state.

[16] It has long been observed that a court may acquire personal jurisdiction over a party through that party's consent. *Brady v. Richardson*, 18 Ind. 1, 2 (1862). As this Court noted in the prior appeal, "[a] defendant can waive lack of personal jurisdiction and submit himself to the jurisdiction of the court if he responds or appears and does not contest the lack of jurisdiction." *Harris*, 922 N.E.2d at 632. Additionally, "a party shall be estopped from challenging the trial court's jurisdiction where the party has voluntarily availed itself or sought the benefits of the court's jurisdiction." *Maust v. Estate of Bair*, 859 N.E.2d 779, 783 (Ind. Ct. App. 2007).

[17] On July 19, 2011, Husband asked the trial court to approve an agreed entry for decree of dissolution. Appellant's App. p. 45. In so doing, Husband availed himself of the benefits of the trial court's jurisdiction and thereby consented to the court's exercise of jurisdiction over him. At that point, this Court's decision as to the trial court's jurisdiction as it existed in 2010 no longer applied.

[18] Second, the trial court incorrectly determined that Husband had submitted to the court's jurisdiction only as to specific matters. "Personal jurisdiction" refers to "[a] court's power to bring a person into its adjudicative process." Black's Law Dictionary (10th ed. 2014). When an individual consents to a court's exercise of jurisdiction over him in a particular cause, it follows that the court is authorized to adjudicate all issues necessary to dispose of that cause properly.

[19]   Indiana Code section 31-15-7-4 provides that "[i]n an action for dissolution of marriage . . . , the court *shall* divide the property of the parties." (Emphasis added). "This court has many times stated that in divorce cases the trial court has not only the power, but the statutory duty to adjust and adjudicate the property rights of the parties involved." *Plese v. Plese*, 146 Ind. App. 545, 553, 257 N.E.2d 318, 323 (1970). Accordingly, a party who consents to a trial court's jurisdiction over the dissolution of his marriage necessarily authorizes that court to adjudicate his property rights.

[20]   The trial court also noted that Wife may have waived the issues of spousal maintenance and title to the vehicle:

> In addition, if [Wife] thought that by [Husband] agreeing to allow the Court to issue an order regarding [Daughter's] custody/support somehow acted as [Husband] waiving "in personam" jurisdiction, since that agreement was approved on July 19, 2011, [Wife] would have had to initiate an action immediately to assert that claim, not wait over three (3) years to make a claim.
>
> In addition, there was no evidence even presented by [Wife] at the July 11, 2014, [hearing] regarding this issue, only evidence in attempting to support her claim that [Husband's] military pension was a "marital asset."

Appellant's App. p. 115-16. However, we believe it would be unjust to hold that Wife has waived these issues. Wife petitioned the trial court for equitable division of property and spousal maintenance on July 19, 2011—the same day she and Husband entered their agreement regarding child custody and support. *Id.* at 85. There is no evidence in the record that the trial court ever ruled on this petition—perhaps because the trial court believed it lacked personal

jurisdiction over Husband as to these issues. Given these circumstances, we hold that on remand, Wife may again petition the trial court for equitable division of marital assets and spousal maintenance.

# II. Military Pension

[21] The trial court held that, concerns over personal jurisdiction notwithstanding, Husband's "Military Pension does not meet the definition of a 'marital asset' that would be subject to distribution by the Court and which could be included in the 'marital pot.'" *Id.* at 105. The trial court reasoned that this was so because Husband's rights in this pension did not vest until almost three years after the marriage was dissolved. *Id.* at 106.

[22] Indiana Code section 31-9-2-98 defines "property" for purposes of dissolution of marriage and provides:

> (b) "Property", for purposes of IC 31-15, IC 31-16, and IC 31-17, means all the assets of either party or both parties, including:
>
> (1) a present right to withdraw pension or retirement benefits;
>
> (2) the right to receive pension or retirement benefits that are not forfeited upon termination of employment or that are vested (as defined in Section 411 of the Internal Revenue Code) but that are payable after the dissolution of marriage; and
>
> (3) the right to receive disposable retired or retainer pay (as defined in 10 U.S.C. 1408(a)) acquired during the marriage that is or may be payable after the dissolution of marriage.

The trial court found that Husband's "'right to receive disposable retired or retainer pay' did not commence and he did not become eligible until November 19, 2011, when he completed twenty years of military service." Appellant's App. p. 105. Wife does not contest this finding.

[23] "It is well established that for a pension to be included in the marital pot, the pension must be vested." *Dowden v. Allman*, 696 N.E.2d 456, 458 (Ind. Ct. App. 1998). While Wife does not directly argue otherwise, she appears to maintain that she nevertheless became eligible to receive a portion of Husband's pension after ten years of marriage. Wife cites to federal law regarding the payment of military pensions to former spouses, which provides:

> [A] court *may* treat disposable retired pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court.

10 U.S.C. § 1408(c)(1) (emphasis added). This section also limits a court's ability to order the secretary of the applicable branch of the military to send payments to a retired servicemember's spouse:

> If the spouse or former spouse to whom payments are to be made under this section was not married to the member for a period of 10 years or more during which the member performed at least 10 years of service creditable in determining the member's eligibility for retired pay, payments may not be made under this section to the extent that they include an amount resulting from the treatment by the court under subsection (c) of disposable retired pay of the member as property of the member or property of the member and his spouse.

10 U.S.C. § 1408(d)(2).

[24] Wife is simply misreading this statute. As the trial court noted, section 1408 merely requires that parties be married "for at least ten (10) years, during which ten (10) years of credible service was obtained, before a Dissolution of Marriage Court has the right to Order the governmental agency (i.e. the branch of military) to directly send retirement benefits to the spouse." Appellant's App. p. 115. The trial court correctly concluded that section 1408 "does not in any manner state that after ten (10) years a military benefit is 'vested,' if the party has not reached retirement age (i.e. twenty (20) years of credible service)." *Id.* Consequently, Wife's argument fails.

[25] Wife next cites two Indiana cases in which courts have awarded portions of military pensions to former spouses. *In re Marriage of Adams*, 535 N.E.2d 124 (Ind. 1989); *In re Marriage of Bickel*, 538 N.E.2d 246 (Ind. Ct. App. 1989). However, in both of these cases, the right to receive pension benefits had vested prior to the dissolution of marriage. *Adams*, 535 N.E.2d at 125; *Bickel*, 538 N.E.2d at 247. Wife attempts to cure this dilemma by spontaneously asserting at the end of her argument that "in the matter at issue, the original [dissolution] decree of February 2, 2009 was overruled and the final decree was not entered until August 26, 2014 at which time the pension had long vested." Appellant's Br. p. 20.

[26] However, this Court's previous opinion in this case clearly upheld the trial court's February 2, 2009, dissolution decree as it related to changing the party's status from married to unmarried. *Harris*, 922 N.E.2d at 634-35. Consequently,

the marriage was dissolved on February 2, 2009. Wife provides no explanation as to how the trial court's August 26, 2014, order could have changed this.[3]

[27] The judgment of the trial court as to Husband's child support obligation and military pension is affirmed. The judgment of the trial court as to its jurisdiction over Husband is reversed and remanded. On remand, Wife may petition for an equitable division of marital assets and spousal maintenance.

Najam, J., and Friedlander, J., concur.

---

[3] In her motion to correct error, Wife also argued that the trial court had incorrectly calculated the amount of child support due as $196 per week, asserting that Husband and Wife had agreed to the greater amount of $287 per week. Appellant's App. p. 63. This contention was based on an "amended" agreed entry, which appears in Wife's Appendix. *Id.* at 48. A review of the document shows that it is identical to the initial agreed entry except that the amount of support has been changed, the word "amended" has been handwritten into the title, and a photocopy of the signature page from the original agreed entry has been attached to the end. *Id.* The trial court could not make heads or tails of this, and Wife provides no explanation on appeal. As such, we affirm the trial court's determination that Husband's child support obligation was $196 per week and that it terminated on August 21, 2014. *Id.* at 106-07.