

FILED

Mar 11 2016, 8:18 am

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEY FOR APPELLEE |
|---|---|
| Rebecca R. Vent | Alan D. Wilson |
| McIntyre Hilligoss Vent O'Keefe & Welke | Kokomo, Indiana |
| Kokomo, Indiana | |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Beth A. Ahls, | March 11, 2016 |
| *Appellant-Petitioner,* | Court of Appeals Case No. 34A02-1509-DR-1416 |
| v. | Appeal from the Howard Superior Court |
| Carleton E. Ahls, | The Honorable George A. Hopkins, Judge |
| *Appellee-Respondent* | Trial Court Cause No. 34D04-1307-DR-588 |

**Crone, Judge.**

## Case Summary

[1] Beth A. Ahls ("Wife") appeals a property distribution order issued in conjunction with the dissolution of her marriage to Carleton E. Ahls ("Husband"). She asserts that the trial court clearly erred in dividing Husband's three retirement accounts; refusing her request for survivor benefits associated

with those accounts; and in refusing to order Husband to pay a portion of her attorney's fees. Finding that the trial court clearly erred in applying the coverture fraction formula to the division of Husband's retirement accounts, we reverse and remand. In all other respects, we affirm.

## Facts and Procedural History[1]

Husband and Wife married in 1993 and had one child of the marriage ("Daughter"). In 2013, Wife filed a petition for marital dissolution. At the time of the dissolution hearing, the child was leaving for college and was deemed emancipated. The marital assets included Husband's three vested retirement accounts: a Thrift Savings Plan ("Thrift"), a Civil Service Pension, and a Military Pension. The parties' experts presented conflicting valuations of the accounts as of the time of the hearing, and the trial court adopted the valuations presented by Husband's expert: $311,208.01 for the Thrift, $289,817 for the Civil Service Pension, and $265,578 for the Military Pension. The parties agreed that for both the Thrift and Civil Service Pension accounts, 62% was earned during the marriage, and for the Military Pension, 36% was earned during the marriage. The remainder of each account, earned by Husband before the marriage, was set aside as Husband's personal property.

---

[1] We note that Wife's appellant's appendix does not comply with the Indiana Rules of Appellate Procedure in the following respects: (1) it does not include a table of contents as required by Appellate Rule 50(C); (2) it is not properly paginated as required by Appellate Rule 51(C); and (3) it contains exhibits, which are considered part of the transcript and therefore are not to be reproduced in the appendix pursuant to Appellate Rules 29 and 50(F).

[3] As part of the property division order, the trial court sua sponte issued findings of fact and conclusions thereon. In its findings, the trial court adopted a 50/50 division of the marital property, ordered each party to pay his/her own attorney's fees, and adopted the valuations and proposed distribution percentages contained in Husband's exhibits. Using those figures, the trial court awarded Wife 15.5% of the value of the Thrift, 15.5% of the value of the Civil Service Pension, and 9% of the value of the Military Pension. The court ordered Husband to pay an equalization judgment of $52,168.45. The final order was silent regarding survivor benefits under any of Husband's retirement accounts.

[4] Wife now appeals, challenging the trial court's calculations of her share of Husband's retirement accounts, as well as its decision not to award her survivor benefits or attorney's fees. Additional facts will be provided as necessary.

## Discussion and Decision

[5] Where, as here, the trial court enters findings and conclusions sua sponte, the findings control only with respect to the issues they cover, while a general judgment standard applies to issues on which there are no findings. *In re Marriage of Sutton*, 16 N.E.3d 481, 484-85 (Ind. Ct. App. 2014). We affirm a general judgment entered with findings if it can be sustained on any legal theory supported by the evidence. *Hurt v. Hurt*, 920 N.E.2d 688, 691 (Ind. Ct. App. 2010). When the court has made findings of fact and conclusions thereon, we review those findings and conclusions using a clearly erroneous standard.

*Sutton*, 16 N.E.3d at 485. A finding of fact is clearly erroneous when the record contains no facts to support the findings, either directly or by inference. *Hurt*, 920 N.E.2d at 691. "A judgment is clearly erroneous if it applies the wrong legal standard to properly found facts." *Id.* In conducting our review, we first determine whether the evidence supports the findings; then we determine whether the findings support the judgment. *Id.* Here, the trial court entered findings on the issues of apportionment of Husband's retirement accounts and attorney's fees but did not enter a finding on survival benefits.

## Section 1 – The trial court clearly erred in applying the coverture fraction formula when dividing Husband's retirement accounts.

[6] Wife contends that the trial court miscalculated her portion of Husband's three retirement accounts. In dissolution actions, we follow the "one pot" theory, meaning that all marital property is included in the marital pot for division, regardless of whether it was owned by one spouse before marriage, acquired by one spouse after the marriage and before final separation, or acquired through the joint efforts of both. Ind. Code § 31-15-7-4(a); *Falatovics v. Falatovics*, 15 N.E.3d 108, 110 (Ind. Ct. App. 2014). Including all marital assets in the marital pot ensures that the trial court will first determine the value of each asset before endeavoring to divide the property. *Id.* "While the trial court may decide to award a particular asset solely to one spouse as part of its just and reasonable property division, it must first include the asset in its consideration of the marital estate to be divided." *Id.*

[7]     Wife contends that the trial court clearly erred in applying the coverture fraction formula to Husband's accounts.

> The "coverture fraction" formula is one method a trial court may use to distribute pension or retirement plan benefits to the earning and non-earning spouses. Under this methodology, the value of the retirement plan is multiplied by a fraction, the numerator of which is the period of time during which the marriage existed (while pension rights were accruing) and the denominator is the total period of time during which pension rights accrued.

*In re Marriage of Fisher,* 24 N.E.3d 429, 433 (Ind. Ct. App. 2014) (quoting *Hardin v. Hardin,* 964 N.E.2d 247, 250 (Ind. Ct. App. 2012) (citation omitted) (emphasis omitted)). We apply the coverture fraction formula to determine what portion of a retirement asset is subject to division. *Barton v. Barton*, No. 32A04-1412-DR-550, 2015 WL 7983011, at *7 (Ind. Ct. App. Dec. 7, 2015), *trans. denied*.

[8]     Here, the trial court stated in its findings that it was dividing Husband's three retirement accounts pursuant to the figures contained in "Respondent's Exhibits P, W, X, Y, and Z." Appellant's App. at 8. We note that the trial court could have facilitated our review and alleviated confusion had it included in its findings the actual figures taken from the exhibits instead of incorporating the exhibits wholesale. Exhibit P lists the value of Husband's Military Pension as $265,578; Exhibit W lists the value of his Civil Service Pension as $289,817; Exhibit X lists the value of the Thrift as $311,208.01 and calculates the percentage due to Wife from both the Civil Service Pension and the Thrift as

31%; Exhibit Y calculates the percentage due to Wife from Husband's Military Pension as 18%; and Exhibits Y and Z calculate the monthly payments to Wife under each of the three accounts.

[9] Wife does not dispute the value attached to each plan as listed in Exhibits P and W. Nor does she dispute that the percentages listed in Exhibits X and Y are the final and accurate percentages to which she was entitled after equal division. However, she correctly maintains that the trial court incorrectly applied the coverture fraction formula. We agree.

[10] First, with respect to the Thrift and the Civil Service Pension, Husband had been enrolled in both plans for ten years before the couple's almost twenty-year marriage. Broken down into months, the marital time divided by the total accrual time came to 62%. Using the coverture fraction, this means that 62% of each of the two accounts was subject to division (here, equal). As such, Wife was entitled to 31%. But the trial court incorrectly divided the 31% in half again to determine Wife's ultimate portion, which meant that although she was married to Husband for nearly two-thirds of the duration of each account, she ultimately was awarded only 15.5%, or one-fourth of the two-thirds. The same error occurred with respect to the Military Pension, of which the coverture fraction correctly would have amounted to 36%, which, when divided evenly, meant 18% for Wife. But the trial court incorrectly divided this in half, meaning that Wife was awarded only 9% of the total Military Pension instead of the 18% to which she was entitled.

Put another way, the calculations should have looked like this:

|  | Total Value | | Marital Portion |
|---|---|---|---|
| Thrift: | $311,208.01 × 62/100 = | | $192,948.96 |
| Civil: | $289,817.00 × 62/100 = | | $179,686.54 |
| Military: | $265,578.00 × 36/100 = | | $ 95,608.08 |
| | | | |
| Total Subject to Equal Division: | | | $468,243.58 |
| Wife's Rightful Portion: | | | $234,121.79 |
| | | | |
| What Wife was Actually Awarded: | | | $116,561.91 |

Simply put, instead of awarding Wife one-half of the marital portion of each of Husband's three retirement accounts, the court ultimately awarded her only about one-fourth of the marital portion of the accounts.[2] This amounts to clear error, and therefore we reverse and remand for a proper division using the coverture fraction formula. To the extent that this may affect the equalization of the marital estate, we order the trial court to revisit that figure as well.

## Section 2 – Wife has waived her claim concerning survivor benefits associated with Husband's retirement accounts.

Wife challenges the trial court's refusal to award her survivor benefits in conjunction with Husband's retirement accounts. Her argument consists of

---

[2] To add to the confusion, Husband argues that the marital portion may be determined by adding the percentages and dividing by three. *See* Appellee's Br. at 7 (advocating the following equation: "31% + 31% + 18% ÷ 3 = 26.9%"). Two problems are evident in this approach: (1) the value of the accounts is not the same, so to add and divide percentages does not work mathematically; and (2) the approach does not follow the caselaw for application of the coverture fraction formula.

assertions that Husband is depressed, suicidal, and cannot hold a fulltime job. She has failed to include any citation to relevant authority and therefore has waived review of this issue pursuant to Indiana Appellate Rule 46(A)(8)(a). *See Hartley v. Hartley*, 862 N.E.2d 274, 284 (Ind. Ct. App. 2007) (finding waiver of any issue for which appellant fails to develop cognizable argument with adequate citation to authority).

## Section 3 – The trial court acted within its discretion in refusing to order Husband to pay a portion of Wife's attorney's fees.

Wife also maintains that the trial court erred in refusing to order Husband to pay a portion of her attorney's fees. We review a trial court's decision to award or deny attorney's fees in connection with a dissolution decree using an abuse of discretion standard. *Troyer v. Troyer,* 987 N.E.2d 1130, 1142 (Ind. Ct. App. 2013), *trans. denied*. The trial court has broad discretion in assessing attorney's fees, and we will reverse only if its decision is clearly against the logic and effect of the facts and circumstances before it or if it misapplies the law. *Fackler v. Powell*, 923 N.E.2d 973, 981 (Ind. Ct. App. 2010).

Pursuant to Indiana Code Section 31-15-10-1, a trial court may order a party in a dissolution proceeding to pay a reasonable portion of the other party's attorney's fees, after considering the parties' resources, economic condition, ability to engage in gainful employment and earn income, and other factors bearing on the reasonableness of the award. *Troyer*, 987 N.E.2d at 1142-43. In considering these factors, we promote the legislative purpose for awarding

attorney's fees, that is, to insure that a party in a dissolution proceeding who could not otherwise afford an attorney is able to retain representation. *Id*. at 1143.

[16] Here, the trial court found that the "equal division of the marital property between the parties is just and reasonable." Appellant's App. at 8. Wife does not challenge this finding. The record shows that Wife's weekly earnings exceed those of Husband, that she had recently received a raise, and that she is able to pay her attorney. Respondent's Ex. A; Tr. at 137-38, 157. "[Where] the parties' resources are relatively on par with each other, the only basis for an award of attorney fees would have been the improper actions of one party necessitating the incurrence of attorney fees by the other party." *Troyer*, 987 N.E.2d at 1143.

[17] As for any improper conduct by Husband, Wife first cites his refusal to contribute to Daughter's college expenses. However, the trial court specifically found that Daughter had repudiated her relationship with Husband. Appellant's App. at 7. Wife does not challenge this finding. Also notable is that Daughter received academic awards and scholarships as well as a tuition waiver based on Father's military service. Tr. at 135-36.

Wife also claims that she is entitled to attorney's fees based on Husband's alleged dissipation of marital funds. Dissipation is a factor to be considered in the context of determining whether the trial court may deviate from the presumption in favor of equal distribution of marital property under Indiana

Code 31-15-7-5. Here, Wife does not challenge the trial court's special finding that an equal distribution of marital property is just and reasonable. Instead, she raises dissipation in the context of entitlement to attorney's fees. We note that she has cited no authority pertaining to dissipation of marital assets. *See*, *e.g.*, *Estudillo v. Estudillo*, 956 N.E.2d 1084, 1094 (Ind. Ct. App. 2011) ("The test for dissipation is whether the assets were actually wasted or misused. Dissipation has also been described as frivolous or unjustified spending of marital assets, including the concealment of marital property. In determining whether dissipation has occurred, a court should consider: (1) whether the dissipating party had the intent to hide, deplete, or divert the marital asset; (2) whether the expenditure benefited the marital enterprise or was made for a purpose entirely unrelated to the marriage; (3) whether the transaction was remote in time and effect or occurred just before the filing of a divorce petition; and (4) whether the expenditure was excessive or de minimis") (citations and internal quotation marks omitted). As such, Wife has waived this issue for review pursuant to Indiana Appellate Rule 46(A)(8)(a). *Hartley*, 862 N.E.2d at 284.

[18] To the extent that Wife uses the term dissipation to characterize Husband as having engaged in improper conduct justifying an award of attorney's fees, we note the following. Petitioner's Exhibit 8 and Respondent's Exhibit AA list Husband's expenditures of marital funds during the pendency of the proceedings, including basic living expenses and sums for homeowner's insurance, air travel, legal fees, and a retirement account deposit. The fact that

Husband listed these expenditures and introduced them as evidence in Exhibit AA indicates that he was not attempting to conceal them. Moreover, most of the expenditures relate to the preservation rather than the depletion of marital assets such as the marital residence and the retirement accounts. With respect to air travel, Husband took a trip to Arizona in connection with his clinical depression, and it does not appear frivolous or excessive. As for his legal fees, it is unclear whether the trial court accounted for this expenditure in determining that an equal division was just and reasonable and in reaching its final division of the assets and ordering Husband to pay an equalization judgment of $52,168.45. For that matter, it is unclear whether Wife made any payments to her attorney during the pendency of the proceedings and, if so, from what source. Finally, we note that Wife failed to demonstrate how these expenditures caused her to incur additional attorney's fees. Simply put, Wife has failed to establish that the trial court abused its discretion when it denied her request for attorney's fees.

[19] In sum, we conclude that the trial court clearly erred in applying the coverture fraction formula, and therefore we reverse and remand for a corrected calculation as well as any adjustments necessary to accomplish an equal division of the marital estate. We affirm the trial court's judgment in all other respects.

[20] Affirmed in part, reversed in part, and remanded.

Vaidik, C.J., and Bailey, J., concur.