## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 12 2017, 8:02 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Nathaniel Lee
Lee & Fairman, LLP
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Mark Small
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In re The Marriage of:

Teasha J. (Harris) Young,

*Appellant-Petitioner,*

and

Anthony J. Harris,

*Appellee-Respondent.*

May 12, 2017

Court of Appeals Case No.
49A02-1606-DR-1218

Appeal from the Marion Superior Court

The Honorable John F. Hanley, Judge

Trial Court Cause No.
49D11-0809-DR-41630

**Robb, Judge.**

# Case Summary and Issues

[1] The trial court entered a judgment on March 8, 2016, settling certain issues in the dissolution of the marriage of Anthony Harris ("Husband") and Teasha (Harris) Young ("Wife"). Wife appeals, raising several issues for our review, which we restate as: 1) whether the trial court erred in failing to award her spousal maintenance; 2) whether the trial court erred in its distribution of the marital estate; and 3) whether the trial court erred in ordering Husband to pay some but not all of Wife's attorney fees. Concluding the trial court did not err in any respect, we affirm.

# Facts and Procedural History

[2] Husband and Wife were married in 1995 in Watertown, New York. They have one daughter . . . born in 1996. In 2005, Wife separated from Husband and moved to Indiana. In 2008, Wife filed a petition for dissolution of marriage in Marion County, seeking primary custody . . . and a distribution of the marital property. At that time, Husband was a resident of North Carolina, and, as a member of our armed forces, was stationed in Germany.

*Harris v. Harris*, 31 N.E.3d 991, 993 (Ind. Ct. App. 2015) ("*Harris II*"). In 2009, the trial court held a hearing which Wife attended but Husband did not. The trial court thereafter issued a decree of dissolution of marriage, awarded custody of the parties' child to Wife, ordered Husband to pay child support and spousal maintenance, and divided the marital property. Husband appealed the trial court's decree, arguing the trial court lacked personal jurisdiction over him.

We held the trial court did not err in dissolving the marriage, as changing the parties' status from married to unmarried was an *in rem* proceeding that did not require personal jurisdiction over both parties. *Harris v. Harris*, 922 N.E.2d 626, 634-35 (Ind. Ct. App. 2010) ("*Harris I*"). We also held, however, that in order for the trial court to have jurisdiction over the incidences of marriage, it must have *in personam* jurisdiction over both parties. *Id.* at 635. Because the trial court did not have personal jurisdiction over Husband, we reversed the remainder of the trial court's judgment. *Id.* at 635-38.

[3] Following *Harris I*, Husband and Wife filed in 2011 an agreed entry regarding custody and child support issues. Wife also filed a petition for equitable distribution of the marital property and for spousal maintenance. Three years later, the parties gathered for a hearing on pending motions, including several motions filed by Husband. The trial court's ensuing order noted the Indiana Court of Appeals' decision in *Harris I* that it lacked personal jurisdiction over Husband was *res judicata*, but that Husband had subsequently submitted to the jurisdiction of the court with respect to custody and support issues only. Therefore, the trial court terminated Husband's child support obligation and denied Wife's other requests, including a division of Husband's military pension, spousal maintenance, title to a vehicle, and attorney fees. Wife appealed. We first determined *Harris I* did not prevent Husband from subsequently establishing sufficient contacts with Indiana and that his request for the trial court to approve an agreed entry in 2011 consented to the trial court's exercise of jurisdiction over him as to all issues necessary to dispose of

the cause. *Harris II*, 31 N.E.3d at 995-96. As for the remainder of the issues, we concluded:

> The judgment of the trial court as to Husband's child support obligation and military pension is affirmed. The judgment of the trial court as to its jurisdiction over Husband is reversed and remanded. On remand, Wife may petition for an equitable division of marital assets and spousal maintenance.

*Id*. at 998.

[4] The trial court held hearings on January 20, 2016, and February 5, 2016, following *Harris II*. On March 8, 2016, the trial court issued its Findings of Fact, Conclusions of Law and Judgment, ordering:

> 1. The Dissolution of Marriage of the parties was previously affirmed and granted on February 2, 2009.
> 2. The only child of the parties has been emancipated.
> 3. Each party shall receive the personal property that was in his or her possession at the time of the filing of the Dissolution of Marriage Petition and at the time the Dissolution of Marriage was granted.
> 4. Each party shall receive all bank accounts that were in his or her possession at the time of the filing of the Dissolution of Marriage Petition and at the time of the granting of the Dissolution of Marriage.
> 5. All debts of the parties' marriage have previously been paid.
> 6. [Wife's] request for spousal maintenance is hereby Denied.
> 7. Husband shall pay $5,000.00 to Wife's counsel . . . . Wife shall pay the balance due and owing to her attorney above and beyond this amount.
> 8. Husband shall pay his own attorney fees.

Appellant's Appendix, Volume II at 38-39. Wife appeals, bringing this case before us for a third time.

# Discussion and Decision

## I. Standard of Review

Wife requested the trial court make findings of fact and conclusions thereon pursuant to Indiana Trial Rule 52. Therefore, we apply a two-tiered standard of review: first, we determine whether the evidence supports the findings, and second, whether the findings support the judgment. *Quinn v. Quinn*, 62 N.E.3d 1212, 1220 (Ind. Ct. App. 2016). The trial court's findings are controlling unless there is no evidence in the record to support them directly or by inference, but we review legal conclusions de novo. *Id.* We "shall not set aside the findings or judgment unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." Ind. Trial Rule 52(A). "Clear error occurs when our review of the evidence most favorable to the judgment leaves us firmly convinced that a mistake has been made." *Maddux v. Maddux*, 40 N.E.3d 971, 974-75 (Ind. Ct. App. 2015).

## II. Spousal Maintenance

Wife first claims the trial court clearly erred in denying her request for spousal maintenance. The trial court has broad discretion to make an award of spousal maintenance, and we will reverse only for an abuse of that discretion. *Bizik v. Bizik*, 753 N.E.2d 762, 768-69 (Ind. Ct. App. 2001), *trans. denied*. We will find

the trial court has abused its discretion only where the decision is clearly against the logic and effect of the facts and circumstances before the court. *Pala v. Loubser*, 943 N.E.2d 400, 405 (Ind. Ct. App. 2011), *trans. denied.* Indiana Code section 31-15-7-2(1) provides that if the court finds a spouse to be incapacitated "to the extent that the ability of the incapacitated spouse to support himself or herself is materially affected," the court may award spousal maintenance during the period of incapacity. Because such an award is designed to help provide for an incapacitated spouse's support, the essential inquiry is whether the spouse has the ability to support himself or herself. *Matzat v. Matzat*, 854 N.E.2d 918, 920 (Ind. Ct. App. 2006). However, even if a trial court finds that a spouse's incapacity materially affects his or her ability to be self-supporting, a maintenance award is not mandatory. *Bizik*, 753 N.E.2d at 769.

[7] Here, after hearing the parties' testimony, viewing their courtroom demeanor, and receiving evidence relevant to the matter, the trial court determined Wife had not sustained her burden of showing she is entitled to spousal maintenance. Specifically, the trial court found Wife was injured in a car accident in 2007, suffers from headaches that leave her bed-ridden several days each month, and receives $719 per month in Social Security disability payments. Wife received a personal injury settlement of at least $40,000 as a result of the accident, a settlement of which Husband was not informed at the time. The court further found that although Wife's expert, a doctor who treated her twice after her injury, once in 2009 and once in 2015, testified Wife is disabled, "his diagnosis is based largely on subjective symptoms reported to him by [Wife,]" and Wife

submitted no other testimony or medical records regarding her medical condition. Appellant's App., Vol. II at 30.[1] Finally, the trial court found that for at least three years after her accident, Wife had cared for foster children, sometimes more than two at a time, which indicates she could perform some type of work despite her disability; that she had purchased a Cadillac Escalade and a Harley Davidson motorcycle since beginning to receive disability and uses both, indicating she has some financial means and is not house-bound; and that she pays no rent, utilities, or living expenses while living in a house owned by her father. Thus, Wife had failed to show the court "any potential financial need [she] may have." *Id.* at 31.

[8] In *Alexander v. Alexander*, 980 N.E.2d 878, 881-82 (Ind. Ct. App. 2012), this court affirmed a trial court's judgment denying spousal maintenance where there was evidence the wife had suffered past injuries, had present medical conditions, and received disability payments, but there was also evidence she was college-educated as an accountant, that her limitations would not preclude sedentary work, and she had recently provided child care for pay. Further, the trial court acknowledged expert testimony that the wife's ability to support herself was materially impaired, but did not adopt that opinion. We concluded the trial court's denial of the wife's request for spousal maintenance was not clearly erroneous. *Id.* at 882; *see also Cannon v. Cannon*, 758 N.E.2d 524, 526-27

---

[1] Husband testified that Wife was diagnosed in 2001 with bipolar disorder and suffered from "mental conditions of depression and things like that" during the marriage, transcript, volume I at 127-28, but Wife never offered any evidence of these diagnoses.

(Ind. 2001) (affirming trial court's conclusion that wife was not entitled to spousal maintenance because the trial court's findings that the evidence that wife was disabled such that her ability to support herself was materially impaired was inconclusive and that wife had been able to earn some income through conducting garage sales were not clearly erroneous). So, too, in this case: neither the trial court's finding that Wife's medical issues do not materially affect her ability to support herself nor its judgment that she failed to demonstrate she was entitled to spousal maintenance are clearly erroneous. Therefore, Wife's claim of error fails.

## III. Division of Marital Assets

Wife next claims the trial court erred in its division of the marital estate by failing to make an equitable distribution. The division of marital assets is a matter within the trial court's sound discretion, and we will reverse only for an abuse of that discretion. *Crider v. Crider*, 26 N.E.3d 1045, 1047 (Ind. Ct. App. 2015). We neither reweigh evidence nor judge the credibility of the witnesses, and we consider only the evidence that is favorable to the trial court's disposition. *Id.* The party challenging the trial court's division of property bears the burden of overcoming a strong presumption that the trial court considered and complied with the applicable law. *Id.*

Indiana recognizes a "one-pot" method of calculating and distributing marital property: all property is included in the marital pot and is subject to division. Ind. Code § 31-15-7-4(a). The trial court is required to divide the marital

property in a "just and reasonable manner[,]" Ind. Code § 31-15-7-4(b), and there is a rebuttable presumption that an equal division of the property is just and reasonable, Ind. Code § 31-15-7-5. Here, the trial court made the following findings regarding the parties' marital property:

29. Wife alleged that they had approximately $35,000 in household goods and furniture at the time of the dissolution.

30. Husband testified that the personal property of the parties consisted of a dining room set for which they paid approximately $5,000.00 in 2003, a bedroom set for which they paid approximately $2,500.00 in 2003, and a living room set which they purchased in Georgia in 1997. Husband estimated that the values he assigned to these assets at the time of the dissolution of marriage were: living room set - $400.00; bedroom set - $500.00; and dining room set - $1,500.00.

31. Husband further testified that he has the dining room set but that he gave the living room set and the bedroom set to the parties' daughter.

32. Neither party submitted appraisals of their personal property. The only values placed on any items of personal property were estimates made by the parties themselves.

33. The Court finds that, given that the personal property was between five and ten years old at the time of the dissolution of marriage, the more reasonable valuation is that of Husband. However, even if the Court agreed with Wife's valuation of $35,000.00, the Court would note that awarding the personal property at issue to Husband would be more than offset by the personal injury settlement obtained by Wife which was a marital asset and which she testified was approximately $40,000.00 to $50,000.00.

34. The Court finds that the parties had no joint debts at the time of the filing of the original Dissolution of Marriage, and the debt on the 2004 Jeep that Wife received was paid by Husband. The Court finds that the 2004 Jeep was the only vehicle still owned by the parties at the time of their dissolution of marriage. Any

individual debts owed by either party shall be the responsibility of that party . . . .

Appellant's App., Vol. II at 31-32. Based on the foregoing findings, the trial court concluded:

> 16. Neither party brought substantial assets into the marriage.
> 17. The Court does not find any dissipation of marital property by either party.
> 18. Both parties made valuable contributions to the marriage.
> 19. Neither party received any substantial gift or inheritance during the marriage.
> 20. The present and future earning ability of the parties is approximately equal.
> * * *
> 22. After considering all of the above Findings of Fact and Conclusions of Law, no evidence was presented that would make an equal division of the marital property and debts unreasonable in this instance.

*Id.* at 38. Accordingly, the trial court determined each party would receive the personal property, including bank accounts, in his or her possession at the time the dissolution was granted.

[11] Wife claims the trial court "failed to make any equitable division of marital property acquired during the course of the marriage and improperly considered her personal injury settlement in the distribution of marital property." Brief of

Appellant at 9.[2] She asserts she "received none of the marital property or assets." *Id.* at 24. As for the marital property, the parties identified only certain items of furniture and cars. At the time of separation, Husband had the furniture and several cars; Wife also had a vehicle. By the time of dissolution, Husband had just one car. There was also at least one bank account that Wife claimed had a balance of $50,000. Husband claimed the account never had a balance that high and had a balance of no more than $200 at separation. Neither party offered any evidence of value other than their own opinions. If the trial court's valuation is within the range of values supported by the evidence, there is no abuse of discretion, *Balicki v. Balicki*, 837 N.E.2d 532, 536 (Ind. Ct. App. 2005), *trans. denied*, and here, the trial court valued the property at Husband's figures. It was not an abuse of discretion for the trial court to do so.

[12] As for Wife's assertion the trial court erred in considering her personal injury settlement when dividing the marital property, we note the trial court did not actually do so. The trial court valued the parties' marital property at Husband's figures, and merely noted that *even if* it had chosen to use Wife's values, leaving each party with the property he or she had would still be equitable. Because the trial court did not credit Wife's values, this statement was superfluous and does

---

[2] To the extent Wife makes any claim regarding Husband's military pension, we have previously determined the pension was not a marital asset. *Harris II*, 31 N.E.3d at 997.

not show the trial court committed any error with respect to its treatment of Wife's settlement proceeds.

[13] Finally, the trial court determined an equal division was just and reasonable and that such a division would be achieved by allotting to each party the personal property he or she had in their possession at the time of dissolution—approximately seven years prior. Based on the poor record made by the parties in the trial court, we cannot say Wife has rebutted the presumption the trial court made a just and reasonable distribution or otherwise abused its discretion in dividing the marital estate.

# IV. Attorney Fees

[14] Finally, Wife claims the trial court abused its discretion in ordering Husband to pay only $5,000 of her fees, leaving an outstanding balance in excess of $48,000. Pursuant to Indiana Code section 31-15-10-1, a trial court may order a party in a dissolution proceeding to pay a reasonable amount of the other party's attorney fees after considering the parties' resources, their economic condition, their ability to engage in gainful employment and earn income, and other factors bearing on the reasonableness of the award. *Ahls v. Ahls*, 52 N.E.3d 797, 803 (Ind. Ct. App. 2016). When one party is in a superior position over the other to pay fees, an award of attorney fees is proper. *Troyer v. Troyer*, 987 N.E.2d 1130, 1143 (Ind. Ct. App. 2013), *trans. denied*. A trial court's decision regarding an award of attorney fees in a dissolution action is reviewed for an abuse of discretion. *Id.* at 1142.

[15] Wife bases her assertion of trial court error on the premise that Husband is "the more financially superior party." Brief of Appellant at 35. As for the parties' resources and their relative earning abilities, the trial court found the parties came into the marriage with few assets, and they did not accumulate substantial assets while married. Wife receives disability benefits but also lives rent-free and pays no utilities or other living expenses besides her car payment; Husband is now retired from the United States Army and is 100% disabled and unable to work. Husband's monthly benefits are greater than Wife's but the trial court concluded the "present and future earning ability of the parties is approximately equal." Appellant's App., Vol. II at 38. The trial court found no misconduct on the part of either party that resulted in additional litigation expenses. *See Barton v. Barton*, 47 N.E.3d 368, 377 (Ind. Ct. App. 2015) ("Misconduct that directly results in additional litigation expenses may properly be taken into account in the trial court's decision to award attorney's fees."), *trans. denied*. Under these circumstances, we cannot say the trial court abused its discretion in determining that an award of attorney fees to Wife was appropriate, although in a limited amount.

## Conclusion

[16] The trial court did not err in denying Wife's request for spousal maintenance, in dividing the marital property, or in awarding some, but not all, of Wife's requested attorney fees. The judgment of the trial court is affirmed.

[17] Affirmed.

Vaidik, C.J., and Bailey, J., concur.