## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 05 2018, 8:51 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Lindsay D. Solon
Andrew P. Simmons
Van Gilder & Trzynka, PC
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Olga L. Perkins,<br>*Appellant-Respondent,*<br><br>v.<br><br>Robert E. Perkins,<br>*Appellee-Petitioner.* | April 5, 2018<br><br>Court of Appeals Case No.<br>02A04-1711-DR-2787<br><br>Appeal from the Allen Superior Court<br><br>The Honorable Charles F. Pratt, Judge<br><br>Trial Court Cause No. 02D07-1503-DR-374 |

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Respondent, Olga L. Perkins (Wife), appeals the trial court's denial of her motion for attorney fees stemming from the dissolution of her marriage to Appellee-Petitioner, Robert E. Perkins (Husband).

We reverse and remand.

# ISSUE

Wife raises one issue on appeal, which we restate as: Whether the trial court erred by denying Wife's motion for attorney fees.

# FACTS AND PROCEDURAL HISTORY

On March 13, 1999, Husband and Wife wed in Wife's home country, Columbia. Thereafter, they moved to their marital home in Fort Wayne, Allen County, Indiana. No children were born during the marriage. In 2014, the parties separated.

On March 23, 2015, Husband filed a Petition for Annulment or in the Alternative, Petition for Dissolution. In seeking to have the sixteen-year marriage annulled, Husband claimed that he had been induced into the marriage by Wife's false promise to undergo a surgical procedure for a medical condition that prevented her from engaging in sexual intercourse. On May 12, 2015, Wife filed a Verified Counter Petition for Dissolution of Marriage. On August 26, 2015, the trial court issued Provisional Orders, granting Husband temporary possession of the marital residence and directing him to pay

temporary spousal maintenance to Wife. The trial court also ordered Husband to pay $1,500.00 in preliminary attorney fees to Wife's attorney.

[6] On March 10, 2016, Wife filed a motion to dismiss Husband's petition for annulment pursuant to Indiana Trial Rule 12(B)(6). Wife argued that Husband's petition "fails to address any element of voidable marriage and annulment." (Appellant's App. Vol. II, p. 73). On July 21, 2016, following a hearing, the trial court denied Husband's petition for an annulment.

[7] On February 10, 2017, and July 6, 2017, the trial court conducted a final dissolution hearing, at the close of which, the trial court took the matter under advisement. On July 10, 2017, Wife filed a motion for attorney fees, requesting that Husband be required to pay $17,316.33 to Wife's counsel. On November 6, 2017, the trial court issued a Decree of Dissolution. The trial court granted the divorce and divided the marital property. As to attorney fees, the trial court found:

> [Wife] is requesting that the [c]ourt enter an order requiring [Husband] to pay additional attorney fees in the sum of Seventeen Thousand Three Hundred Sixteen Dollars and thirty-three cents ($17,316.33) for the costs of this action. This action has been litigated over the course of two and one-half years since the date of the filing of the Petition for Dissolution of Marriage. [Wife] received legal representation at no cost to her as her attorney represented her on a pro bono basis. As [Wife] did not incur attorney fees in this matter, the [c]ourt declines to enter an award of attorney fees.

(Appellant's App. Vol. II, p. 26).  On December 6, 2017, Husband filed a motion to correct error, which does not appear to ever have been ruled upon.

Wife now appeals.  Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

### I. *Standard of Review*

Pursuant to Husband's request, the trial court issued specific findings of fact and conclusions thereon in the Decree of Dissolution.  Thus, pursuant to Indiana Trial Rule 52(A), "we first must determine whether the evidence supports the findings, and second, whether the findings support the judgment." *O'Connell v. O'Connell*, 889 N.E.2d 1, 10 (Ind. Ct. App. 2008).  "Findings of fact are clearly erroneous when the record lacks any evidence or reasonable inferences from the evidence to support them." *Id.*  A judgment will be reversed as being clearly erroneous if our "examination of the record leaves [us] with the firm conviction that a mistake has been made." *Id.*  A judgment is also clearly erroneous "if it applies the wrong legal standard to properly found facts." *Id.* Our court only considers the evidence "favorable to the judgment and all reasonable inferences flowing therefrom." *Id.*  We do not reweigh evidence or judge the credibility of witnesses. *Id.*

Additionally, we note that Husband has not filed an appellate brief.  "When an appellee fails to submit a brief, we do not undertake the burden of developing the appellee's arguments, and we apply a less stringent standard of review." *Harris v. Harris*, 922 N.E.2d 626, 632 (Ind. Ct. App. 2010).  Accordingly, we

may reverse if the appellant establishes *prima facie* error. *Id.* *Prima facie* error "means at first sight, on first appearance, or on the face of it." *Everette v. Everette*, 841 N.E.2d 210, 212 (Ind. Ct. App. 2006). This less stringent standard relieves our court "of the burden of controverting the arguments advanced in favor of reversal where that burden properly rests with the appellee." *Harris*, 922 N.E.2d at 632. Notwithstanding an appellee's failure to submit a brief, we review questions of law *de novo*. *Id.*

## II. *Attorney Fees*

[11] Wife claims that she is entitled to an award of attorney fees. Indiana Code section 31-15-10-1 specifically authorizes a court to "order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this article and for attorney's fees . . . ." We review a trial court's decision to award or deny a request for attorney fees in connection with a decree of dissolution under an abuse of discretion standard. *Ahls v. Ahls*, 52 N.E.3d 797, 802-03 (Ind. Ct. App. 2016). The trial court has broad discretion in determining whether to award attorney fees, and our court will reverse only if the trial court's decision "is clearly against the logic and effect of the facts and circumstances before it or if it misapplies the law." *Id.* at 803.

[12] When deciding whether to award attorney fees in the course of a dissolution, the trial court "must consider the resources of the parties, their economic condition, the ability of the parties to engage in gainful employment and to earn adequate income, and other factors that bear on the reasonableness of the award." *Hartley v. Hartley*, 862 N.E.2d 274, 286 (Ind. Ct. App. 2007).

"Consideration of these factors promotes the legislative purpose behind the award of attorney fees, which is to [e]nsure that a party in a dissolution proceeding, who would not otherwise be able to afford an attorney, is able to retain representation." *Id.* at 286-87. "When one party is in a superior position to pay fees over the other party, an award of attorney fees is proper." *Id.* at 287. The trial court has no obligation to give reasons for its determination. *Id.*

[13] At the time of the dissolution, Husband's annual income was $54,756, whereas Wife's annual earnings amounted to approximately $15,140. Furthermore, due to the trial court's decision not to include a number of marital assets (for example, real properties in Michigan and Columbia) in the marital pot before effectuating a division, Husband received a substantially larger share of the marital assets than Wife, despite the trial court's explicit finding "that neither party has rebutted the presumption that an equal division of the property is just and reasonable and that the marital estate should, therefore, be divided equally." (Appellant's App. Vol. II, p. 26).[1] Thus, it is clear that Husband was in a financially superior position, which certainly could have justified an award of attorney fees for Wife.

[14] Here, the trial court denied Wife's request for attorney fees solely because Wife's attorney had agreed to *pro bono* representation. Our supreme court has previously stated that the public policy of ensuring equal access to the courts

---

[1] Wife has raised no argument on appeal that the trial court improperly calculated and divided the marital estate; therefore, we may not do so on her behalf.

"would be undermined if we were to hold that a party must be personally obligated to pay attorney fees before the trial court could order the other party to pay those fees." *Beeson v. Christian*, 594 N.E.2d 441, 443 (Ind. 1992). "Such a policy might, in some circumstances, effectively eliminate the right to appeal in dissolution proceedings. This [c]ourt will not force a party in a dissolution action to choose between foregoing legal action or obligating that party to a fee agreement which such party could not meet." *Id.* Accordingly, we conclude that the trial court improperly relied on the *pro bono* status of Wife's representation in denying her request for attorney fees. We reverse and remand with instructions for the trial court to consider the proper factors in assessing Wife's claim for attorney fees. *See Hartley*, 862 N.E.2d at 286 (setting forth the factors to be considered). Furthermore, as Wife has also asserted a request for appellate attorney fees, on remand, the trial court should consider the aforementioned factors to determine whether such an award is appropriate pursuant to Indiana Code section 31-15-10-1. *See Townsend v. Townsend*, 20 N.E.3d 877, 881 (Ind. Ct. App. 2014), *trans. denied*.

# CONCLUSION

[15] Based on the foregoing, we conclude that the trial court erred by failing to consider the proper factors in determining whether Wife is entitled to an award of attorney fees.

[16] Reversed and remanded.

[17] May, J. and Mathias, J. concur